BROWN, administrator, *vs.* JOINER, administrator, *et al.*

Under §2571 of the code, upon the death of a husband, leaving a widow or minor child or children, the provision for the support of the family specified therein vests in such widow and minor child or children; and if the widow die before it has been set apart to her, this right to have the twelve months' support survives to her administrator, and he may apply to the ordinary to have this allowance made in as ample, full and complete a manner as the widow could have done were she in life. But where, after the death of the widow, a part of the estate of her husband was set apart to her as a year's support, under an application made for her prior to her death, such proceeding was void and was properly set aside.

(*a*) The judgment is affirmed with directions that the administrator of the widow be allowed to make an application anew for her twelve months' support, and that it be set aside to him as her administrator under the same rules and regulations as if the widow were alive and the application were made by her; and that, when it is set apart, her administrator hold it, to be accounted for and distributed among her heirs or creditors.

February 26, 1887.

Year's Support. Judgments. Nullities. Husband and Wife. Practice in Supreme Court. Before Judge KIBBEE. Pulaski Superior Court. May Term, 1886

Reported in the decision.

L. C. RYAN; W. L. GRICE, by J. H. LUMPKIN, for plaintiff in error.

J. H. MARTIN, by brief, for defendants.

BLANDFORD, Justice.

Tarpley B. Owens died, leaving a widow and minor child. The widow applied for twelve months' support out of the estate of Owens for herself and a minor child of the deceased, but not hers. She gave notice of this application to Joiner, the administrator of Owens. The widow died on the day, and before, the ordinary appointed appraisers to set apart the twelve months' support. The appraisers

did set apart twelve months' support out of the estate of the deceased. This was done after the death of the widow, and the same was filed in the office of the ordinary; and within twelve months thereafter, the administrator of Owens applied to have this allowance of twelve months' support to the widow set aside, upon the ground that the widow was dead when the order appointing the appraisers, and the appraisement and setting apart of the same by the appraisers, were made, and gave Brown, administrator of the deceased widow, notice of the application. The court of ordinary set it aside and declared the same void; from which Brown, administrator of the widow, appealed to the superior court; and upon the trial of the case in the superior court, the judgment of the ordinary was confirmed by the verdict of the jury. A motion for new trial was made in the case by Brown, the administrator of the deceased widow, which was refused by the court, and this is excepted to.

Section 2571 of the Code declares that, "Among the necessary expenses of administration, and to be preferred before all other debts, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person, testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice) to appoint five discreet appraisers," etc.

We think that under this statute, upon the death of the husband, leaving a widow or minor child, this provision for the support of the family, specified in the Code, vests in such widow and minor child or children, if there be any; and if the widow die before the same has been set apart to her, this right to have the twelve months' support survives to her administrator, and he, as such administrator,

may apply to the ordinary to have this allowance made in as ample, full and complete a manner as the widow could should she be in life. But in this case, we think that the action of the ordinary in the appointment of the appraisers, and the action of the appraisers setting apart and assigning to the widow a part of the estate of the deceased, was void, and that the judgment and proceedings thereon were properly set aside by the court. So we affirm the judgment of the court in this case, with directions that the administrator of Mrs. Owens be allowed to make an application anew for her twelve months' support to the ordinary, and that the same be set apart to him as her administrator, under the same rules and regulations as would apply in case the widow were alive, and the application had been made by her; and that when the same is set apart, he shall hold the same as her administrator, to be accounted for and distributed, under the law, to her heirs at law or creditors.

Judgment affirmed.