Farris vs. Battle, administrator.

FARRIS vs. BATTLE, administrator.

On the death of a husband and father residing in Georgia, his widow
    and minor children are entitled to a year's support out of his
    estate, as against his creditors, whether resident or non-resident,
    though his family may never have resided here, and though they
    may have lived for any length of time separate and apart from
    him, he having made no provision for them by will or otherwise
    in lieu of the statutory allowance for their year's support.

October 5, 1887.

Year's support.   Debtor and creditor.   Before Judge
RICHARD H. CLARK.   Fulton superior court.   September
term, 1886.

Mrs. Farris, widow of Summerfield Farris, late of Fulton
county, applied for a year's support for herself and chil-
dren out of his estate.   The administrator thereof answered
that its debts were more than sufficient to exhaust its as-
sets; and that the applicant was not a citizen or resident
of the State of Georgia.   On the hearing before the ordi-
nary, it appeared that the applicant and her husband were
married in 1865, and lived together for about ten years, in
Tennessee, during which time he became involved in a
personal difficulty and had to leave the State.   For about
eleven years preceding the application he and his wife had

lived separately, he in Georgia, she in Tennessee with the children of the marriage.

The ordinary refused the application; and on *certiorari* this judgment was sustained. The applicant excepted.

E. A. ANGIER and W. A. BROWN, for plaintiff.

A. B. & H. L. CULBERSON, for defendant.

BLECKLEY, Chief Justice.

The code, §2571, declares that, " upon the death of any person, testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate, . . . to appoint five discreet appraisers, and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months." It further provides that if the estate does not exceed five hundred dollars in value, the whole of it shall be set apart on such application.

The question is presented now as to whether a widow and minor children who do not reside in the State of Georgia and have never resided here, are entitled to the benefit of this section of the code, the husband and father having himself been a resident of the State when he died. It appears that his family had been living in Tennessee, separate and apart from him, for eleven years preceding his death, and it is insisted that, both on the ground that they were non-residents of the State of Georgia, and on the ground that they were separated from him and did not live with him as his family, they were not entitled to be treated as such in the division of his estate. It will not

do to analogize the year's support to homestead and dower too closely. There is some analogy, but in the view we take of the law, the provision for year's support is a branch of the statute of distributions, and the persons entitled to it are just as much and as absolutely entitled as they are, in case of intestacy, to a distributive share of the residue after the year's support is deducted and all debts are paid. It is a branch of the statute of distributions, and prescribes how the estate of a deceased person, to this extent, is to be disposed of. Creditors are left out, and adult children are left out, until this much of the estate is withdrawn from it; then they are admitted for participation in the balance. They have no right to anything except by the statute of distributions. To take at all they must look to the law, and must take according to law. This being so, we consider that the special provision applicable to the widow and minor children gives them this much advantage over other distributees. It makes their part of the estate that much more, and they take it as absolutely and unconditionally and for as long a time as distributees take under the general provisions of the statute. It requires nothing to give a right to this benefit, except the relation of wife or minor child. When that relation exists at the time of the death, the person or persons sustaining it are entitled to make their claim under the terms of the statute, and this court has held that their title becomes absolute.

It is ruled in *Cleghorn vs. Johnson*, 69 *Ga.* 369, that the widow is entitled to sell land set apart to the family and make absolute and final disposition of it. It is held also that if she dies before her year's support is set apart, her administrator may make the application and take the proceeds for administration as her estate, her absolute property. *Brown vs. Joiner*, 77 *Ga.* 232.

The ordinary, in refusing this application, put his decision partly upon the ground that the applicants were non-residents of the State, and never had been residents,

and partly upon the ground that the appraisers appointed here could not know how much to set apart to them, not knowing the circumstances and condition in which the family had lived in Tennessee, and partly upon the ground that claims by creditors residing here were shown to amount to more than the whole estate. The statute recognizes no such reasons. The creditors must yield to those who have precedence of them, and the widow and minor children take precedence. The statute declares that this allowance is upon the footing of expenses of administration; indeed, a part of them.

In *Mitchell vs. Word*, 64 *Ga.* 208, the claim was for an allowance out of personal property, and the rule was recognized, although the opinion, as written out, may not present it as a reason, that the statute of distributions of the State of the domicile of the decedent would control the amount of this allowance. In that case a statute of the State of Florida, in which the decedent was domiciled at the time of his death, gave the widow one-third of the personalty—of all the personalty, no matter where situated, in fee absolutely, and besides that, gave an allowance for a year's support, up to a certain limited sum perhaps; and it was ruled that, in dealing here with personal property out of which the year's support was claimed, the laws of Florida govern as to the amount. It is consistent with that ruling, and identical, so far as the principle is concerned, to hold that the statute of distributions of Georgia controls this case, without any reference to the law of Tennessee, or any other State, Tennessee being the State in which the widow and minors resided, but Georgia the State in which the decedent resided. The law of his domicile is the rule of measurement. And we acordingly reverse the judgment of the court below, and hold that the *certiorari* brought to the ordinary's decision refusing to appoint appraisers on the application of the widow should have been sustained.

Judgment reversed.