Brown, administrator, *vs.* Joiner, administrator, *et al.*

A widow applied for a year's support out of the estate of her deceased husband, and commissioners were appointed to set it apart, but before they acted the widow died. The commissioners made their return, and no objection being filed, it was recorded. A motion was made to set aside the judgment allowing the year's support, which was sustained, and after appeal to the superior court, was brought to the Supreme Court, where the judgment was affirmed with this direction: "that the administrator of the widow be allowed to make an application anew for her twelve months' support, to the ordinary, and that the same be set apart to him as her administrator, under the same rules and regulations as would apply in case the widow were alive and the application had been made by her; and that when the same is set apart, he shall hold the same as her administrator, to be ac-

counted for and distributed, under the law, to her heirs at law or creditors." Before the *remittitur* from this court was entered, the widow's administrator made a new application for a year's support, which was granted over objections. On appeal, the application was dismissed as prematurely made.

*Held*, that this was error. The right and power of the administrator to make the application was not derived from the judgment of this court or any direction contained in it, but from the law itself. The new application was a distinct proceeding, and not a continuation of the former one; and the law touching it was the same before the entry of the *remittitur* as after it. (Rep.)

March 21, 1888.

Year's support. Practice in Supreme Court. Practice in superior court. Administrators and executors. Before Judge KIBBEE. Pulaski superior court. May term, 1887.

Reported in the decision.

W. L. GRICE and L. C. RYAN, for plaintiff.

MARTIN & COCHRAN, for defendants.

BLECKLEY, Chief Justice.

A widow made application for year's support out of the estate of her deceased husband. She died before the commissioners appointed to set it apart acted. They, however, went on and performed their duties, made their return, and that return was not objected to, and so, by operation of law, upon being recorded became a judgment (or would have become so had there been adequate parties) in her favor for the year's support. Subsequently an administrator upon her estate was appointed, and the administrator upon the husband's estate moved in the court of ordinary to set aside the judgment allowing the year's support, upon the ground that the widow was dead at the time the commissioners acted and at the time the subsequent proceedings took place. That motion was granted and an appeal was taken to the

superior court, and the same judgment was rendered there.
That was brought to this court by the widow's administra-
tor, and the judgment of the court below was affirmed,
with this direction : "that the administrator of the widow
be allowed to make an application anew for her twelve
months' support, to the ordinary, and that the same be set
apart to him as her administrator, under the same rules and
regulations as would apply in case the widow were alive
and the application had been made by her; and that when
the same is set apart, he shall hold the same as her adminis-
trator, to be accounted for and distributed, under the law,
to her heirs at law or creditors." *Brown, adm'r, vs. Joiner,
adm'r,* 77 *Ga.* 232.   After that judgment was rendered by
this court, but before the *remittitur* was entered below,
the widow's administrator proceeded to make an applica-
tion, and it was granted; the administrator of the husband,
however, together with the heirs at law of the husband's
estate, filing objections in the court of ordinary.   These ob-
jections were overruled, and an appeal was taken to the
superior court.   Upon the hearing of that appeal, the court
dismissed the application as prematurely made; and the
reason assigned in argument for that action is, that the ap-
plication was made before the *remittitur* from this court
was entered.

We think this reason was not good; that the right and
power of the administrator to make his application was
not derived from the judgment of this court or any direc-
tion contained in it, but from the law itself, and the law
would be the same before the entry of the *remittitur* as
after it.   It is quite a misconstruction of the two proceed-
ings to consider one as a part of the other.   The case
which came here and in which this directory matter was
inserted in the judgment rendered, was one to set aside a
proceeding, and the proceeding was set aside. It was finally
ended; and this present application is not a continua-
tion of that proceeding in any respect.   It has no con-
nection with it.   It rests upon the theory which this court

has announced in several cases, that the year's support vests in the widow from the time the intestate dies. It is a right, in the distribution of the estate, to take more than other distributees, unless they are minors; and that right is a property in the widow, transmissible on her death to her legal representatives; and it is by virtue of the general law by which the administrator represents all the estate of his intestate that this administrator had the right to commence and maintain this new proceeding.

Judgment reversed.