## SWAIN *v.* STEWART.

1. The marriage of a widow after the death of her husband does not deprive her of the right to a year's support out of his estate, nor prevent her making an application for a year's support for the benefit of herself and a minor child of the deceased.
2. Where a year's support consisting in part of land was set apart for the benefit of a mother and her minor child, it was, according to the doctrine laid down by this court in previous decisions, the right of the mother to sell and convey such land in fee simple, for the purpose of deriving from the proceeds a support for herself and the child; and this right was not affected by the fact that the mother had married again.
3. Where in such case the mother was confined in jail under a sentence for a misdemeanor, and sold the land embraced in the year's support, partly to raise money to pay a fine so as to obtain her discharge from custody, and partly in consideration of supplies furnished for herself and the child, the sale was lawful and passed a good title to the purchaser.
4. The court erred in rejecting evidence tending to show that the sale was made under the circumstances and for the purposes above recited.

April 27, 1896.  Argued at the last term.

Complaint for land.  Before Judge Reese.  Taliaferro superior court.  February term, 1895.

*S. H. Sibley* and *J. F. Rcid,* for plaintiff in error.
*Horace M. Holden,* contra.

SIMMONS, Chief Justice.

Preston Stewart died in 1879, leaving a widow and a minor child. In 1884 the widow married Gunn. After her second marriage she applied for and had set apart by the ordinary a year's support for herself and the minor child out of the estate of her first husband. The year's support consisted of a small amount of personalty and a tract of land. The minor child, after the death of her mother, brought, by next friend, an action of complaint for the land, against Swain, who claimed title as tenant of T. E. Bristow, under a deed from the mother. Upon the trial of the case, the court ruled that the latter had no title to the land, and her deed could convey none, and refused to allow testimony in behalf of the defendant to the effect that at the time the deed was made, Gunn, the second husband, was not then living with or supporting her, that the plaintiff was dependent upon her mother for support, that the mother was imprisoned under a sentence of fine or imprisonment, and that the consideration of the deed was partly for supplies furnished the mother and the plaintiff, and partly the payment of the fine and costs adjudged against the mother, she being then in jail under the sentence. There was a verdict for the plaintiff, and the defendant made a motion for a new trial, in which the rulings above mentioned were complained of. The motion was overruled, and he excepted.

1. The first question to be determined is, whether a woman can legally have set apart out of the estate of her deceased husband a year's support for the benefit of herself and a minor child of the deceased, after she has married again. Under section 2571 of the code, where a man dies, leaving an estate, and leaving a widow, or a widow and minor child or children, it is the duty of the ordinary, upon her application, to have set apart for them a year's support out of the estate of the deceased. This section has been held by this court to be a part of the statute of distributions.

*Farris* v. *Battle*, 80 *Ga.* 189. As soon as the husband.
dies, his widow acquires, under the provisions of this sec-
tion, a vested interest to a year's support, which interest is
superior to all claims of creditors or of adult children of the
deceased. If she dies before the year's support is set apart,
her administrator is entitled to have it set apart for the
benefit of her estate. *Brown* v. *Joiner*, 77 *Ga.* 232. The
right to a year's support being a vested right to her as an
individual, her second marriage would not deprive her of
this right. "Whenever a right by law has attached by
reason of widowhood, there must be some law by which it
is divested, or it will remain."

2. A year's support having been set apart, the property
thus set apart vested in the widow and child (Code, §2574),
and under several decisions of this court, an absolute sale
by the widow, not only of her own interest but of the inter-
est of the child also, would convey a good title to the pur-
chaser, if made to obtain the support which the statute con-
templates. In *Tabb* v. *Collier*, 68 *Ga.* 641, it was held
that a sale by a widow, with the approval of the ordinary,
of the land set apart as a year's support, conveyed a good
title to the purchaser. In *Cleghorn* v. *Johnson*, 69 *Ga.*
369, it was held that a sale by the widow alone for the pur-
pose of obtaining means for the support of herself and the
minor children, conveyed a good title, and that the approval
of the ordinary was unnecessary. In the case of *Tabb* v.
*Collier*, *supra*, the court said: "If the property so set
apart is not adapted to the use of the family, it may, with-
out the aid of courts or chancellors, be converted and made
available for the purposes intended. We do not understand
that, to be enjoyed, further notices, guardians and orders
are to be obtained to change land (already given for sup-
port) into bread before it is allowed. To do so would
consume not less that two months, and in most cases a
longer time, in which time the family might come to want."
These decisions have been followed in the cases of *Steed* v.

*Cruise*, 70 *Ga.* 177; *Farris* v. *Battle, supra*; *Collins* v. *Covington*, 84 *Ga.* 129; *Lowe* v. *Webb*, 85 *Ga.* 733.

While we may not be satisfied with the reasons for allowing the widow alone to sell and convey property set apart to herself and minor child or children, yet we are bound by the former decisions of this court upon the subject, until they are reviewed in the manner prescribed by law. The case of *Vandigrift* v. *Potts*, 72 *Ga.* 665, relied on by counsel for the defendant in error, is very different in its facts from the present case. There the year's support had been set apart by the ordinary before the remarriage of the widow, and after her remarriage she and her husband sold the land, not for the support of herself and the minor children, but for the purpose of reinvesting the proceeds in other land to which title was taken in the name of herself and her husband.

3. It was argued that the sale was void if made partly for the purpose of obtaining money with which to pay the fine of the woman. We do not think so. The child was then a mere infant and needed the care of the mother. Her second husband was not chargeable with the support of the child, and was not supporting the mother, having previously separated from her. She had no means of supporting the child outside of the property set apart as a year's support, except what she could earn from her own labor. It was her duty to support the child, and if she remained in prison it would suffer. We think it was proper, therefore, in view of the needs of the child and her inability to provide for it otherwise, that she should sell the land in order to procure the means to pay her fine and thereby secure her release from imprisonment.

4. It follows from what we have said, that the court erred in rejecting evidence tending to show that the sale was made under the circumstances and for the purposes above recited.                    *Judgment reversed.*