EHRLICH, administrator, *v.* SILVERSTEIN, executor.

Where an intestate dies leaving as his only estate property which has been set aside under the provisions of article 9, section 1, of the constitution (Civil Code, § 5912), as a homestead for the benefit of himself and family, and his widow lives upon the property for several months until her death, without making an application for a year's support out of the property or indicating

any intention to do so, she will be held to have elected to take the homestead in the property, rather than the year's support; and her executor can not have the property set apart as a year's support to her estate under the provisions of the Civil Code, § 3465. *Brown* v. *Joiner*, 77 *Ga.* 232, and 80 *Ga.* 486, *Farris* v. *Battle*, 80 *Ga.* 187, and *Bardwell* v. *Edwards*, 117 *Ga.* 824, distinguished.

Argued October 6, — Decided October 15, 1904.

Application for year's support. Before Judge Cann. Chatham superior court. February 12, 1904.

*Jacob Gazan* and *Emile Newman*, for plaintiff in error.

*Wilson & Rogers*, contra.

CANDLER, J. David Levy died intestate on the 12th day of February, 1901, and Ambrose Ehrlich was appointed administrator of his estate. Eight months after his death, his widow, Lena Levy, died testate, and David Silverstein qualified as her executor. On April 10, 1902, Silverstein, as executor of the will of Lena Levy, filed an application, under the provisions of the Civil Code, § 3465, for a year's support. Ehrlich, as administrator, filed objection to the appointment of appraisers and to the setting aside of the year's support. In his caveat he set up, as reasons why the year's support should not be allowed, that in the year 1881 David Levy applied for and had set aside from his property a homestead in certain real and personal property for the benefit of himself and his family, which at that time consisted of his wife, Lena Levy, and a daughter; that the homestead so set apart consisted of personal property which at the time of the filing of the caveat was probably not in existence, and a certain tract of land in Chatham county which was being administered by the caveator, and out of which, or its proceeds, the year's support, if allowed, must come; that said real estate comprises the whole of the estate of David Levy; that the land sought to be devised in the will of Lena Levy is the same as that set apart as a homestead to David Levy and his family, which is now being administered by the caveator as his administrator; that at the time of the death of David Levy, Lena Levy was the sole surviving beneficiary of the homestead estate, receiving the rents, issues, and profits thereof; that in the eight months intervening between the death of David Levy and that of his wife, the latter made no application for a year's support out of the estate of her husband;

that she had an estate for life or widowhood in the homestead property; and that at any time during this eight months she could have elected to apply for a year's support out of the homestead property. It was further averred that the failure to so apply for a year's support amounted to an election on her part to keep and enjoy the entire homestead property, and a relinquishment of her right to have a year's support set apart out of it. After the hearing before the ordinary of Chatham county, the case was carried by appeal to the superior court, where it was heard by the judge without the intervention of a jury, upon an agreed statement of facts, which does not materially differ from the statement already set out as taken from the caveat, except that it appears that the homestead was applied for in the year 1882, and that the daughter, who was in life at the time of the setting apart of the homestead, died prior to the death of her father, David Levy, and that the land embraced in the homestead consisted of 100 acres in the county of Chatham. It nowhere appears what the value of the land was, either at the time of the setting apart of the homestead or of the trial of the case. The judge of the superior court overruled the caveat and granted the application of the executor for a year's support. The administrator excepted.

The Civil Code, § 3465, provides that "Among the necessary expenses of administration, and to be preferred before all other debts, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf," to appoint appraisers whose duty it shall be to set apart and assign to such widow and children, in property or money, "a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration, in case there be administration on the estate, to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate. . . . The provision set apart for the family shall in no event be less than the sum of one hundred dollars, and if it shall appear upon

a just appraisement of the estate that it does not exceed in value the sum of five hundred dollars, it shall be the duty of said appraisers to set apart the whole of said estate." It will be seen that the question for our decision is whether, where an intestate dies leaving no property except such as has been set apart under the provisions of article 9, section 1, of the constitution (Civil Code, § 5912), as a homestead for the benefit of himself and family, and his widow surviving him lives upon the property for several months without making any application for a year's support out of the property, her executor can, under the provisions of the code section above quoted, have the property set apart as a year's support to her estate. In the case of *Brown* v. *Joiner,* 77 *Ga.* 232, it was held that under this statute, upon the death of the husband leaving a widow or minor children, "the provision for the support of the family specified therein vests in such widow and minor child or children; and if the widow dies before it has been set apart to her, this right to have the twelve months' support survives to her administrator, and he may apply to the ordinary to have this allowance made in as ample, full and complete a manner as the widow could have done were she in life." At first glance this ruling would seem to control the case under consideration and to settle the question for our determination; and upon the argument in this court we were asked to review and overrule this decision. An examination of the original record in the case cited, however, shows that the language which we have quoted was obiter. No such question was before the court, and the direction given in the case was without authority. The record referred to. shows that the widow had, through her attorney, applied for a year's support out of her husband's estate, for herself and one minor child of her husband by a former marriage. The widow died on the day the ordinary appointed appraisers to set apart the year's support. The appraisers, under the order of appraisement, set apart to the dead woman a year's support out of the estate of her husband; and their finding was duly filed with the ordinary and by him entered of record. Within twelve months from the filing of the return of the appraisers, a motion was made by the administrator of the husband's estate, in which all the heirs of the husband, as well as the guardian of the minor for whose benefit the year's support was asked, joined, to have the

return of the appraisers set aside in so far as it allowed any amount for the widow, on the ground that she was dead at the time of the appraisement and at the time of the entry thereof on the records by the ordinary. This motion was granted by the ordinary, and on an appeal to the superior court by the administrator of the deceased widow the judgment of the ordinary was sustained. The case was brought to this court, and the sole question presented was as to whether, for the reasons urged, the proceedings of the appraisers were void. The court agreed with the judge of the superior court and with the ordinary, and affirmed the judgment refusing a new trial; and in doing so direction was given to the ordinary that the administrator of the deceased wife be allowed to make an application anew for her year's support, that the same be set apart to him as her administrator under the same rules as if the widow had been in life and the application had been filed in her name, and that when so set apart it should be held by the administrator to be accounted for and distributed under the law to her heirs at law or creditors. The decision undertook to give to the administrator a right which, if the ruling was sound, the law already gave him, as was held when the case again came before this court (80 *Ga.* 486). In the latter case it appeared that after the rendition of the judgment by this court when the case was first here, but before the remittitur was entered in the court below, the widow's administrator proceeded to make an application in accordance with what this court had said was his right, when the administrator and the heirs at law of the husband filed objections in the court of ordinary. These objections were overruled, and an appeal was taken to the superior court, where the application was dismissed as prematurely made, on the ground that the proceedings were instituted before the remittitur from this court was entered in the court below. The judgment was reversed, on the ground that the right and power of the administrator to make his application was not derived from the judgment of this court or any direction contained in it, but from the law itself, and that the law was the same before the entry of the remittitur as after. Said the court, Chief Justice Bleckley delivering the opinion: " It is quite a misconstruction of the two proceedings to consider one as a part of the other. The case which came here and in which this directory

matter was inserted in the judgment rendered, was one to set aside a proceeding, and the proceeding was set aside. It was. finally ended."

Aside from the fact that what was said by Mr. Justice Bland-. ford in the case. in the 77th *Georgia* was obiter, an examination. of the record discloses that on its facts that case is easily dis-. tinguishable from this. In the case cited it appeared on the trial in the court below that in the lifetime of the widow the. husband's administrator had paid to her or to her representative. the sum of $211.78, for her benefit, to be credited on whatever amount should be set apart as her year's support or as part of her distributive share as an heir at law of her husband's estate.. It appeared that from the beginning it was intended that an application should be made for the widow and minor child for. a year's support, and that between the time of the death of the. husband, on April 28, 1884, and the application for a year's. support, which was not filed until August 20, 1884, this ad-. vancement was made to her to be credited against whatever. amount should be allowed to her under this provision of the. code. Thus it will be seen that an entirely different question was presented from the one we are now considering. In that. case the widow could with propriety have elected to take a. year's support, and then a child's part from the remainder of the husband's estate; or she could have elected to take her year's. support and dower. She had a reasonable time in which to, make this election. She elected to take a year's support, and. had actually received part of it before the application was filed.. It had previously been ruled by this court that the administrator. could with safety make provision for her, taking certain pre-. cautions for his protection before the setting aside of the year's. support. Having clearly elected to take a year's support, the. . law announced by Mr. Justice Blandford was good in that case;. but, as will be shown later on in this opinion, it was entirely. too broad a statement to be applicable to the case at bar. As. has been seen, there was but one question for decision in the. case cited, viz., whether the appraisers could set aside a year's support for a widow who at the time was dead, on an ap-. plication proceeding in her name. The court below and this. court held that such a proceeding was void ; and all that was.

said as to the right of the administrator of the widow to have a year's support set apart was purely obiter. While, under the facts of that particular case it was possibly good law, it is in no sense binding on us in the case at bar. When the case came before this court a second time, practically the same doctrine was announced ; but, as has been seen, the sole question then for determination was whether or not the administrator could file his application before the entry in the court below of the remittitur from this court. It in turn is no more controlling than was the decision in the first case.

Our attention was also directed to the case of *Farris* v. *Battle*, 80 *Ga.* 187, where, in the opinion, language was employed which would seem to control the decision of this case; but upon an examination of the original record, as well as from the accurate report accompanying the opinion, we find that the only question there presented for determination was whether, where a husband and father resided in Georgia at the time of his death, and his widow and minor children resided in another State, they were entitled to a year's support out of his estate as against his creditors. The court held, that, upon the death of the husband and father, the right to a year's support vested in the widow and the minor children, and that it was immaterial where they lived. We have no fault whatever to find with that ruling, nor with anything that was said in the opinion as applicable to the facts of that case; but nothing that was there ruled was applicable to the case at bar, and the only thing in that case which is binding on the court is the principle that a widow and minor children are entitled to a year's support out of the estate of the husband and father, regardless of where they happen to be living at the time of his death.

There are other cases in which the dicta enunciated in the opinions to which we have referred have been quoted, but nowhere have we been able to find any ruling of binding effect which sustains the position of the defendant in error in this case. Under the section of the code providing for a year's support, the right of the widow and minor children vests upon the death of the husband and father. It is an expense of administration. In a sense it is a debt of the estate. It is a first charge upon the estate. The object of the law in setting apart a year's

support for a widow and minor children would seem to be clear. As was said by Chief Justice Lumpkin in the case of *Blassin-game* v. *Rose*, 34 *Ga.* 418, 421, "The law explains itself. It is to prevent a family being turned away houseless — a widow and children — and cast upon the world in their forlorn condi- tion. Hence, it provides that whether the deceased departed this life testate or intestate, solvent or insolvent, still the family should have a year's support, under all circumstances. The executor or administrator might take the property immediately in his possession, as he has the right to do. Judgment creditors, might levy their executions, and thus dispossess the family." The law simply recognizes as the highest duty of the husband and father the protection and care of the wife and children. It is a provision made to supply immediate wants and necessities. An administrator or executor is allowed twelve months' time in which to ascertain the condition of the estate entrusted to his care. He can not be sued during that time, nor can he be compelled to pay legacies or make distribution of any part of the estate. So, for the time during which he is ascertaining the condition of the estate, collecting the debts owing to it, gathering together the assets belonging to it and arranging to distribute them according to the duties imposed upon him by law, the statute makes provision for the widow and children, that they may be clothed, housed, and maintained in like circum- stances as if the husband and father were in life. The widow and children are to be provided for until they may become adjusted to their altered conditions. After this allowance is made, then at the expiration of twelve months from the time of the qualification of the administrator or executor, the creditors of the estate may by suit enforce their claim; but for their support as the estate may be able to bear it, and in accordance with the manner in which they have been accustomed to live, the widow and children have the first claim for a twelve months' support from the date of the qualification of the administrator or executor. When it is set apart it is for their common use. The widow may sell the property, or she may mortgage it, to get funds wherewith to maintain herself and children. *Swain* v. *Stewart*, 98 *Ga.* 367; *Whitt* v. *Ketchum*, 84 *Ga.* 128; *Cleghorn*. v. *Johnson*, 69 *Ga.* 369; *Tabb* v. *Collier*, 68 *Ga.* 641. "It is

a joint provision for all the beneficiaries. No part of it vests absolutely in any one of them, but the entire amount set apart becomes the common property of all, for the benefit of all of them together." *Goss* v. *Harris*, 117 *Ga.* 347. See also *Miller* v. *Ennis*, 107 *Ga.* 663; *Whitt* v. *Ketchum*, supra. "This provision of the law is an encumbrance upon the estate, higher than any debt." *Barron* v. *Burney*, 38 *Ga.* 264. While this right to a year's support vests in the widow and minor children upon the death of the husband and father, the amount to be set apart of course varies. If the estate is worth more than $500, as small an amount as $100 may be set apart for all. If it is worth not exceeding $500, the entire amount must be set apart. If the value of the estate is greater than $500, an amount is to be fixed sufficient for their support and maintenance according to the circumstances and standing of the family previous to the death of the testator or intestate, having in view also the solvency of the estate. So, while a widow has a vested right to have a year's support set apart to her out of the estate of her husband, she is not compelled to avail herself of that right. There may be circumstances which would make it to her interest not to do so. It may be, as we are inclined to think is a fact in the present case, that it is more to her advantage to take all that her husband left, for life or widowhood, than risk the chance of the small allowance of $100 being given to her absolutely. Mrs. Levy, being the sole beneficiary of the homestead estate, had the right to continue to enjoy it to the end of her life or until she saw fit to marry again; but she could not so elect and at the same time have this year's support set apart to her. *Green* v. *Hambrick*, 118 *Ga.* 569, and cit. A distinction is to be observed between this case and that of *Bardwell* v. *Edwards*, 117 *Ga.* 824, in that here the widow enjoyed the homestead estate as long as she lived, without giving any indication that she desired to have any part of it set apart as a year's support, and by will attempted to devise it, treating it as her property as sole heir of her husband. In the case cited, although the widow and children lived on the property and enjoyed it for more than a year after the death of the husband and father, the widow did elect in her lifetime to have a year's support set apart to her and the children; and it

was ruled, that, having so elected, the homestead estate was surrendered and was at an end; that "they can not have both at the same time, either out of the same or different property belonging to the estate." In the case at bar the widow in her lifetime apparently elected to hold on to her life-estate under the homestead, and hence will be held to have surrendered her right to a year's support out of it. *Miller* v. *Crozier,* 105 *Ga.* 54; *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494, and cit. For eight months it seems that Mrs. Levy preferred to live on the estate set apart to her as a homestead; and while we are not prepared to hold that there was any given time within which she was bound to make her election, yet where no indication was given of a desire to apply for a year's support, and she lived on the property until the day of her death, using and enjoying it as a homestead, we' think it would be inequitable after her death to allow her executor to come in and have a year's support set aside out of the property of the husband. For the reasons set out, we feel constrained to reverse the judgment of the court below.

*Judgment reversed. All the Justices concur.*