SMITH *v.* SANDERS, administrator.

No. 17578. SUBMITTED SEPTEMBER 11, 1951—DECIDED OCTOBER 10, 1951.

*George B. Rushing,* for plaintiff.
*Carl E. Sanders,* for defendant.

CANDLER, Justice. The Code, § 113-1002, declares: "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to

appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration, in case there is administration on the estate, to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate."

Although the statute provides that the year's support is to be preferred above "all other debts," it has been held that the provision for a year's support is not a debt at all, but is "an encumbrance higher than any debt." In fact, the statute declares that this allowance is upon the footing of expenses of administration; indeed, a part of them. *Barron* v. *Burney,* 38 *Ga.* 264, 269. See also *State* v. *Southwestern Railroad,* 70 *Ga.* 11, 33; *Goss* v. *Harris,* 117 *Ga.* 345 (43 S. E. 734); *Grant* v. *Sosebee,* 169 *Ga.* 658 (151 S. E. 336). It has also been held that the section quoted above is a branch of the statute of distributions, and that the persons entitled to its benefit are just as much and as absolutely entitled thereto as they are entitled, in case of intestacy, to a distributive share in the residue of the decedent's estate after the year's support is deducted and all of the debts are paid. *Farris* v. *Battle,* 80 *Ga.* 187 (7 S. E. 262); *Phelps* v. *Daniel,* 86 *Ga.* 363, 366 (12 S. E. 584); *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831); *Jones* v. *Cooner,* 142 *Ga.* 127, 129 (82 S. E. 445); *Edwards* v. *Addison,* 187 *Ga.* 756 (2 S. E. 2d, 77). As remarked by Chief Justice Bleckley in *Farris* v. *Battle,* supra: "It [the statute] is a branch of the statute of distributions, and prescribes how the estate of a deceased person, to this extent, is to be disposed of. Creditors are left out, and adult children are left out, until this much of the estate is withdrawn from it; then they are admitted for participation in the balance. They have no right to anything except by the statute of distributions. To take at all they must look to the law." And in *Edwards* v. *Addison,* supra, it was said: "It [a year's support] is the highest claim against an estate, whether testate or intestate." It is no longer open to doubt, but was fully settled by this court in *Brown* v.

*Joiner,* 77 *Ga.* 232 (3 S. E. 157), s.c. 80 *Ga.* 486 (5 S. E. 497), *Swain* v. *Stewart,* supra, *Anders* v. *First National Bank,* 165 *Ga.* 682 (142 S. E. 98), *Backer* v. *City Bank & Trust Co.,* 180 *Ga.* 672 (180 S. E. 604, 108 A. L. R. 769), and *Nixon* v. *Nixon,* 196 *Ga.* 148 (26 S. E. 2d, 711), that the right to a year's support vests immediately and absolutely upon the death of the husband or father in those persons for whose benefit the statute was enacted; and it was held in *Goss* v. *Harris,* supra, and the cases there cited "that the right to a year's support is an absolute right which can not be divested by any contingency occurring after it accrues." Illustrative of this, it has been held that a widow is entitled to a year's support out of the estate of her deceased husband even after her remarriage to another, and where her application for the allowance was not filed until some four years after her former husband's death (*Swain* v. *Stewart,* supra) ; also, that a widow and her minor children are entitled to a year's support out of the estate of the deceased husband and father, though the applicants had never lived in Georgia, nor with him as members of his family for eleven years immediately before his death. *Farris* v. *Battle,* supra.

No statute has been enacted in this State fixing any event the happening of which will defeat a widow or minor child's right to a year's support; and mere lapse of time is no bar to the right to apply for and have it set apart (*Federal Land Bank* v. *Henson,* 166 *Ga.* 857, 144 S. E. 728), unless the Code, § 3-704, prescribes a limitation period of 20 years, and it was held by a majority of the Justices in *Nixon* v. *Nixon,* supra, that it does. And "Whenever a right by law has attached by reason of widowhood, there must be some law by which it is divested, or it will remain." *Swain* v. *Stewart,* supra; *McNair* v. *Rabun,* 159 *Ga.* 401 (126 S. E. 9). However, it has been held that a widow may waive her statutory right to a year's support by her election to take an inconsistent ·benefit (*Ehrlich* v. *Silverstein,* 121 *Ga.* 54, 48 S. E. 703) ; and in some jurisdictions, but not in this one, provision is made by statute for a waiver of the right where the widow fails to apply for the allowance during her lifetime. 34 C. J. S. 56, § 348, Monahan *v.* Monahan's Estate, 232 Mo. App. 91 (89 S. W. 2d, 153). Therefore, in the absence of statutory provision for divestiture—and by analogy, it may

be asserted with safety that death, like remarriage, does not defeat a widow's vested right to a year's support in this State—and being a property right which she has as an individual (*Brown* v. *Joiner,* 80 *Ga.* 486, 5 S. E. 497; *Bridges* v. *Barbree,* 127 *Ga.* 679, 56 S. E. 1025), it passes at her death by operation of law to her legal representative, who may then apply for it and have it set aside to her estate under the same rules and regulations as would apply in case the widow were alive and the application had been made by her. In *Cheney* v. *Cheney,* 73 *Ga.* 66, 71, it was said, "This court has always regarded such claims [year's support] favorably"; and in *Grant* v. *Sosebee,* supra, it was also stated that "a year's support is an anomaly and specially favorite of our legislation and jurisprudence."

This court at its May term, 1886, in *Brown* v. *Joiner,* 77 *Ga.* 232, and in an opinion prepared for the court by Justice Blandford, said: "We think that under this statute [Code, § 113-1002], upon the death of the husband, leaving a widow or minor child, this provision for the support of the family, specified in the Code, vests in such widow and minor child or children, if there be any; and if the widow die before the same has been set apart to her, this right to have the twelve months' support survives to her administrator, and he, as such administrator may apply to the ordinary to have this allowance made in as ample, full and complete a manner as the widow could should she be in life." From the reported facts of that case, it appears that the widow of a named person filed an application for a year's support; that she died on the day and before the appraisers were appointed; and that, notwithstanding her death, the application proceeded in her name to judgment. This court held that the judgment was for that reason void, and direction was given that the applicant's administrator be permitted to file a new application. When the case came here a second time, in *Brown* v. *Joiner,* 80 *Ga.* 486, the point was made that the new application had been filed by the widow's administrator before the remittitur of this court was made the judgment of the trial court. This court at that time, speaking through Mr. Chief Justice Bleckley, said: "The right and power of the administrator to make the application was not derived from the judgment of this court or any direction contained in it, but from

the law itself. The new application was a distinct proceeding, and not a continuation of the former one; and the law touching it was the same before the entry of the remittitur as after it." Said the court, also: "It is quite a misconstruction of the two proceedings to consider one as a part of the other. The case which came here and in which this directory matter was inserted in the judgment rendered, was one to set aside a proceeding, and the proceeding was set aside. It was finally ended; and this present application is not a continuation of that proceeding in any respect. It has no connection with it. It rests upon the theory which this court has announced in several cases that the year's support vests in the widow from the time the intestate dies. It is a right in the distribution of the estate, to take more than other distributees, unless they are minors; and that right is a property in the widow, transmissible on her death to her legal representatives; and it is by virtue of the general law by which the administrator represents all the estate of his intestate that this administrator had the right to commence and maintain this new proceeding."

Citing the two *Brown* cases as its authority therefor, this court in *Farris* v. *Battle,* supra, said: "It is held also that if she [the widow] dies before her year's support is set apart, her administrator may make the application and take the proceeds for administration as her estate, her absolute property." But it was pointed out by a full bench in *Ehrlich* v. *Silverstein,* supra, that the above-quoted rulings from the *Brown* cases and the *Farris* case were obiter dictum, and hence not controlling as to any question involved in the case then under review. And the right of a deceased widow's legal representative to apply for and maintain a proceeding to have a year's support set aside for the benefit of her estate was directly involved in the *Ehrlich* case, but the case turned on another point and the question here presented for answer was not there passed upon. In several year's support cases considered by this court since *Ehrlich* v. *Silverstein* was decided, the *Brown* cases and the *Farris* case were cited, and the rulings quoted above were repeated by this court with apparent approval, but the question here presented was not directly involved in any of those cases; and so far as we have been able to find, there is no controlling

precedent in this State upon the question presently being considered. Nevertheless, and for reasons already stated in this opinion, we think that the obiter rulings in the *Brown* and *Farris* cases are legally sound; and, so believing, we unhesitatingly approve and adopt them as our rulings. Accordingly, the question certified to us must be, and is, answered in the affirmative.

*Certified question answered. All the Justices concur.*