### 33645. SMITH *v.* SANDERS, administrator.

SUTTON, C. J. 1. "A widow's right to a year's support under the Code, § 113-1002, survives her death, and her legal representative may apply for and have it set apart to her estate in as ample, full, and complete a manner as the widow could should she be in life." *Smith* v. *Sanders,* 208 *Ga.* 405 (67 S. E. 2d, 229).

2. Accordingly, where a husband died intestate on July 28, 1950, being survived only by his widow as his sole heir, and where she died intestate on September 15, 1950, without having applied for a year's support for herself out of her deceased husband's estate, there being no administration upon his estate, and where the administrator of the widow's estate, within three months from her death, applied for a year's support to be set apart from the husband's estate to the widow's estate, the administrator of the widow's estate was entitled to have set apart to her estate a year's support out of the husband's estate, it not appearing that she had elected to take a year's support or had waived such right. See *Smith* v. *Sanders,* supra, answer of the Supreme Court to the question certified in this case.

3. It follows that the judgment rendered in the superior court, on appeal by the caveatrix from the judgment in the court of ordinary, setting aside a year's support on the application of the administrator of the deceased widow, should be and is affirmed.

*Judgment affirmed. Felton and Worrill, JJ., concur.*

DECIDED NOVEMBER 9, 1951.

*George B. Rushing,* for plaintiff in error.
*Carl E. Sanders,* contra.