UNITED STATES of America, Appellant,

v.

FIRST NATIONAL BANK AND TRUST COMPANY OF AUGUSTA, as Executor under Will of J. Adolphus Setze, Appellee.

No. 18894.

United States Court of Appeals Fifth Circuit.

Dec. 13, 1961.

Robert N. Anderson, L. W. Post, Attorneys, Department of Justice, Washington, D. C., Donald H. Fraser, U. S. Atty., Hinesville, Ga., William T. Morton, Asst. U. S. Atty., Augusta, Ga., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., William C. Calhoun, U. S. Atty., Augusta, Ga., C. Guy Tadlock, Robert W. Kernan, Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., for appellant.

J. J. Willingham, J. B. Willingham, Augusta, Ga., Hull, Willingham, Towill & Norman, Augusta, Ga., of counsel, for appellee.

C. Baxter Jones, Jones, Sparks, Benton & Cork, Macon, Ga., in behalf of persons interested in result of case but not parties thereto.

Before BROWN, GEWIN, and BELL, Circuit Judges.

BELL, Circuit Judge.

This appeal involves estate taxes. It is from the judgment of the District Court for the taxpayer. It involves the narrow question of whether the allowance of a year's support to a widow under the law of Georgia in effect at the time of the death of decedent constitutes a terminable interest and thus does not qualify for the marital deduction under § 2056 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2056.[1]

1. In pertinent part: § 2056(a)
"Allowance of marital deduction.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by de-

The decedent died testate on May 26, 1955, a resident of Augusta, Georgia, leaving as survivors, among others, a wife. His will was duly probated and appellee bank qualified as executor. Under the term of the will decedent, after making specific bequests, left three-fourths of the residue of his estate in trust with the income to his wife for life with remainder to others. The will provided that the provisions made for the wife should not deprive her of the privilege of applying for a year's support for herself, and that any such allowance for her support should be charged to the principal of the estate.

On August 8, 1955, the widow made application under the statute [2] of Georgia to the Court of Ordinary of Richmond County, Georgia, for a year's support which was duly set apart to her by order of the court dated September 6, 1955. It consisted of certain bonds valued at $59,604.29 in the aggregate.

The executor, taxpayer and appellee herein, filed a Federal Estate Tax Return and included this sum as a part of the marital deduction. On disallowance, the taxpayer paid the resulting deficiency and filed a claim for refund, contending that the award qualified for the marital deduction. The claim was disallowed by the Commissioner of Internal Revenue. Thereafter, this suit was timely filed by the taxpayer and the District Court held that the award qualified for the marital deduction. 191 F.Supp. 446 (1961).

Section 2056(a) allows a marital deduction, subject to limitations not here applicable, in an amount equal to the value of any interest in property passing from the decedent to the surviving spouse in computing the federal estate tax, but the deduction is not permitted in cases where the widow receives an interest which will terminate or fail, and also pass to another person in the event the interest of the widow terminates or fails. § 2056(b).

The deduction here involved concerns the award of an interest in Georgia property under the Georgia statute, and hence it must be so examined to determine whether it will terminate or fail. It is

---

ducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(b) Limitation in the case of life estate or other terminable interest.—

"(1) General rule.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

"(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; * * *."

**2.** Ga.Code Section 113–1002 (1955 Supp.):

"Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, and leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there be one, and if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of 12 months from the date of administration, in case there is administration on the estate, to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate and keeping in view also the solvency of the estate."

undisputed that the interest of the widow under a year's support award in Georgia, once it is made, would not terminate or fail. The Georgia statute provides:

"Where property is set apart as a year's support for the benefit of the widow alone, she shall thereafter own the same in fee, without restriction as to use, incumbrance, or disposition". Georgia Laws 1937, p. 861, § 113–1023, Georgia Code, 1933.

And in Hiers v. Striplin, 1954, 210 Ga. 293, 79 S.E.2d 539, the Supreme Court of Georgia held that where property is set apart as a year's support for the benefit of the widow alone, as was the case here, the fee vests in her, and she can make a testamentary disposition of the unconsumed portion thereof.

Regarding the nature of the statutory right to a year's support as distinguished from the award, the court in Farris v. Battle, 1887, 80 Ga. 187, 7 S.E. 262, held it to be a branch of the statute of distribution, and that persons entitled to the right are just as much and as absolutely entitled thereto as they are entitled in the case of intestacy to a distributive share in the residue of the estate of a deceased person. And in Swain v. Stewart, 1896, 98 Ga. 366, 25 S.E. 831, the court said that the right to a year's support vests immediately and absolutely upon the death of the husband in the widow, and her marriage would not deprive her of the right. Also, the right survived her death and could be claimed by her legal representative. Smith v. Sanders, 1951, 208 Ga. 405, 67 S.E.2d 229.

But the right is subject to certain limitations. It may be waived expressly or impliedly. Federal Land Bank of Columbia v. Henson, 1928, 166 Ga. 857, 144 S.E. 728; or lost by an election to take an inconsistent benefit, Ehrlich v. Silverstein, 1904, 121 Ga. 54, 48 S.E. 703, and it was held to be subject to a twenty year statute of limitation in Nixon v. Nixon, 1943, 196 Ga. 148, 149, 26 S.E.2d 711; and in May v. Braddock, 1955, 92 Ga.App. 302, 88 S.E.2d 539, although arising prior to the 1955 act barring the right by death or remarriage of the widow, an award was held to be void where the widow died pending the award, but no doubt her legal representative could have claimed it. The statute was amended in 1953 to provide a seven year statute of limitation. Ga.Laws 1953, Jan.-Feb. Sess., p. 453.

At this juncture in the Georgia law, the government tacitly admits, the award of a year's support would qualify as a part of the marital deduction because the right was indefeasibly vested. But, says the government, the right is no longer vested because the statute was amended in 1955 to provide a bar to the right if the widow dies or remarries prior to its being set aside, or should she die twelve months after the date of the death of decedent and prior to the filing of an application for the award. Ga.Laws 1955, p. 626.[3]

█ This amendment is applicable here but we hold, as did the District Court, that it is merely adjective as were the existing limitations on the right, and not substantive so as to convert the right, admitted by the government to be theretofore indefeasibly vested at the time of the death of the husband, to one that is defeasible.

█ We go further, however, in an effort to squarely meet the issue raised by the government, which rests on the assumption that the amendatory bar or limitation is substantive. Simply stated,

3. This legislation was sponsored by the Georgia Bar Association on recommendation of its committee on Real Property and Titles, which committee considered the resulting provisions of the Act to be at variance, and finally succeeded in clarifying the meaning by having it restated as a condition precedent to provide that all applications for year's support shall be made during life and widowhood. The purpose was to obtain a bar or limitation on the right. Ga.Laws 1958, p. 665–666; Ga.Laws 1959, pp. 138–140; Reports, 72nd Sess.Ga.Bar Assoc., pp. 211–212; 73rd Sess., pp. 189, 193, 194; 76th Sess., p. 186. The 1958 Act also changed the statute of limitation from seven to three years.

it is that the requirement that the widow be in life and widowhood is such an event or contingency within the meaning of § 2056(b) as will render the award terminable, even when it has been made and has under the statute vested indefeasibly.[4]

To reach this position it is necessary to consider the interest in property passing under § 2056(a) as being the statutory right of the widow to the award at the time of the death of the husband, rather than as being the interest in property itself, once it arises, which is upon the award by the court.

Certain confines have already been marked out by the courts relative to the meaning of § 2056 and its predecessor, § 812(e) of the Internal Revenue Code of 1939 as amended, as they relate to a widow's support allowance. It was first contended that such an allowance was not an interest in property passing from decedent as defined in these sections. Estate of Rensenhouse, 1956, 27 T.C. 107. On appeal, 6 Cir., 1958, 252 F.2d 566, this position was abandoned by the government, and was not reasserted on remand to the tax court. 31 T.C. 818 (1960). In addition, the government acceded to the position that such an allowance is an interest passing from the estate of decedent within the meaning of the statute in Estate of Edward A. Cunha, 1957, 30 T.C. 812, affirmed 9 Cir., 1960, 279 F.2d 292, cert den. 1961, 364 U.S. 942, 81 S.Ct. 460, 5 L.Ed.2d 373; Molner v. United States, D.C.N.D.Ill.1959, 175 F.Supp. 271; Estate of Margaret R. Gale, 1960, 35 T.C. 215; Estate of Michael G. Rudnick, 1961, 36 T.C. No. 105; Estate of William Lamar Hailey, 1961, 36 T.C. No. 8; and most recently in United States v. Quivey, 8 Cir., 1961, 292 F.2d 252. Cf. Reynolds' Estate v. United States, D.C. E.D.Mich.1960, 189 F.Supp. 548; Rev. Rul. 83, 1953–1 Cum.Bull. 395; Rev.Rul. 56–26, 1956–1 Cum.Bull. 447.

■  Further, the rule has been established that the question of the terminability of the interest or award is to be decided upon the law of the state where the interest arose, using the rule of examination of the interest at the time that interest arose, treating that time as being at the time of the court award.

In King v. Wiseman, D.C.W.D.Okl. 1956, 147 F.Supp. 156, a widow's allowance under the Oklahoma law was held not to terminate or abate upon the death or remarriage of the widow and did not constitute a terminable interest; in Quivey, supra, the examination was not made on the basis of the state law that the right was personal to the widow and did not survive her, but on the proposition that the interest or installment award for one year, once made, was terminable because it would fail in the event the widow died or the estate was settled in less than one year; in Estate of Margaret R. Gale, the award to the husband under the Maine law was vested in fee and was therefore non-terminable; and in Estate of Michael G. Rudnick, the widow's allowance under the Massachusetts law would not terminate or fail and thus it qualified as a part of the marital deduction.

■  As the Tax Court said in Gale: "If the allowance, once made, did fail under state law upon the happening or failure to happen of an event or contingency, it constitutes a terminable interest and is non-deductible. If the reverse is true, it is deductible."

Also in Gale and Rudnick, the Tax Court held the award not to be terminable and to qualify as a part of the marital deduction under § 2056(a) in spite of the fact that under the laws of the states involved, Maine and Massachusetts, the right was personal to the widow and would not survive her death, rendering it necessary for the award to be final be-

---

4. That the widow may not assert her right to the award, or that it may be barred by the statute of limitation, or that it may be expressly or impliedly waived, or lost by an inconsistent election are not asserted as being such events or contingencies within the meaning of the statute.

fore her death. The government took the express position in Rudnick that the interest was terminable because the right did not survive the widow. The Tax Court said that the award to the widow which became final before her death was thereby vested, and would become a part of her estate when she died, and the fact that the widow might die before the award became final would not make the award, once made, a terminable interest within the meaning of § 2056(b).

In Quivey, the Court of Appeals for the Eighth Circuit, while deciding for the government and thereby reversing the District Court, 176 F.Supp. 433, stated that all reported estate tax decisions on the question have expressly or implicitly recognized that only where a state statute does not leave a widow's allowance subject to termination can the interest in the decedent's estate qualify as a marital deduction. Georgia falls into this category, and meets this test as the Nebraska statute did not.

In United States v. Trader's National Bank of Kansas, 8 Cir., 1957, 248 F.2d 667, the commuted cash value of dower and homestead interest, terminable interests under the Missouri law, was awarded to the widow on her election after the death of decedent under a Missouri statute and the court held this to be a non-terminable interest qualifying as a part of the marital deduction. In United States v. Crosby, 5 Cir., 1958, 257 F.2d 515 a widow under the Alabama statute waived her dower interest in land so that it might be sold, and took an award, as she had a statutory right to do, in lieu of dower out of the proceeds of the sale, thereby converting her right from a terminable to a non-terminable interest which qualified as a part of marital deduction.

But the government, while recognizing that it is necessary to convert the statutory right into an award before it becomes an interest in property passing within the meaning of § 2056(a), would carve out an exception that it is a terminable interest where the state statute requires the widow to be in life and in widowhood to exercise the right.

This will not do. The right is inchoate. It is incapable of transfer or assignment, not subject to lien, or susceptible of valuation. The right holder has no control over the amount of the award under it. It must be claimed while the widow is in life and widowhood, and within the statutory period or it is barred, and it may be lost by taking an inconsistent benefit or by waiver. Once claimed however, and reduced to certainty by the order of the court in the form of an award, it becomes the subject of examination in the light of state law to determine if it will terminate or fail within the meaning of § 2056(b) if it is claimed as a deduction under § 2056(a). By this standard we hold the Georgia award here to qualify as a marital deduction. It vested indefeasibly.

■■ This accords with the intent of Congress to extend to married taxpayers in common law states by way of the marital deduction, more properly an exclusion, the advantages of residence in community property jurisdictions, but only when so much of the interest allowed as a marital deduction as is not used up will survive as an asset in the estate of the widow, there to be taxed in due course, and the statute is to be liberally construed to this end. The purpose of the terminable interest rule under § 2056(b) is to prevent the deduction of an interest which will not survive. United States v. Crosby, supra. Here the interest survives.

The application of the terminable interest rule to the maintenance allowance for a widow out of the estate of a decedent is entirely dependent, as was said in the concurring opinion in Quivey, on the vagaries of state law. The advantage given to residents of some states, such as Georgia, over those of other states such as California and Nebraska is inherent in the statute. The complexities of the marital deduction are compounded by the fact that every state has statutes of varying forms designed to protect the decedent's family from economic hard-

ship during the administration of estates. See Berlin and Testa, Deductibility of Widow's Allowance under the Marital Deduction, 36 N.Y.U.L.Rev. 1188 (1961). Congress is aware of this lack of uniformity in the application of the marital deduction,[5] itself created to promote uniformity, and the condition must continue until that body acts, it being their prerogative to make and amend laws. The judgment is

Affirmed.

5. House Rep. No. 818, 86th Congress, 1st Sess., p. 2; House Rep. No. 1337, 83rd Congress, 2nd Sess., p. 91-2, and Senate Report No. 1622, 83rd Congress, 2nd Sess., p. 125.