**NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Anne T. WALLS, a/k/a Anne Keen, Defendant.**

No. CV 481–302.

United States District Court,
S. D. Georgia,
Savannah Division.

April 26, 1982.

Dana F. Braun, Savannah, Ga., for plaintiff.

William T. Moore, Jr., Savannah, Ga., for defendant.

## ORDER

ALAIMO, Chief Judge.

Before the Court are plaintiff's motion for summary judgment and defendant's motion for partial summary judgment.

The facts pertinent to the disposal of these motions are not in dispute.

In July, 1976, Anne Walls (now Anne Keen) purchased a comprehensive family liability automobile insurance policy (No. 61B–749–908) from Nationwide Mutual Insurance Company. In addition to purchasing the basic personal injury protection in the amount of $5,000, the defendant purchased additional personal injury protection in the amount of $45,000 for a total coverage of $50,000, which included "survivors' loss" benefits. The defendant's husband, Allie Egan Walls, was an insured under the policy and was killed in an automobile accident on May 7, 1977, while the policy was in full force and effect.

Nationwide Mutual Insurance Company paid survivors' loss benefits of $627.68 per month to Mrs. Walls, as a result of the accident, until May 2, 1981. Twenty Nine Thousand Five Hundred and Fourteen Dollars and Eighty-Eight Cents ($29,514.88) had been paid on that date. At that time, plaintiff terminated the payments on the grounds that defendant's remarriage authorized the plaintiff to stop payments.

Although additional arguments have been injected into the case, the parties and the Court agree that whether or not the defendant was entitled to survivor's benefits after her remarriage is an issue which, if resolved favorably to the defendant, is dispositive of the substantive issue in the case.

The pertinent statutory language, which the language of the policy echoes, is as follows:

In the event of the death of the injured person, survived by a spouse or dependent child or children, compensation under paragraphs (b)(2) and (b)(3) of section 56–3403b shall be payable after such death as though the deceased were alive but totally disabled, such payment to be made to the spouse, if alive, otherwise to the child or children or the person having legal custody of any child or children, for use of such child or children as though awarded as a year's support for the spouse or children, or both. Survivors benefits shall be payable until exhausted, at least monthly. Ga. Code Ann. § 56–3404b.

The statute and the policy are silent on the effect of remarriage on the distribution of benefits.

Nationwide's argument based on this language is that, since the defendant has remarried, her husband would have no obligation to support her if "alive but totally disabled." Plaintiff also makes the argument that, since the term "as a year's support" is used in the statute and the policy behind the provision of a year's support is to provide temporary assistance to the widow during her term of need, a widow's remarriage should act to stop her benefits under the insurance policy. Plaintiff also argues that, since workmen's compensation benefits in a similar situation would be terminated upon the widow's remarriage, "survivor's law" benefits should likewise be terminated.

■ The Court is not convinced by plaintiff's argument. The argument urging that a controlling analogy be drawn to the workmen's compensation fails logically. The workmen's compensation scheme requires that a worker's compensation insurance policy be purchased by the *employer,* not the employee. There is no preset total dollar amount limit applicable to the benefits. In the present case, however, the defendant purchased a policy worth a specific amount. Section 56–3404b states that "survivor's benefits shall be paid until exhausted."

■ The statute states that the payments shall be made "as though awarded for a year's support." Defendant argues that this language was inserted to protect the proceeds of the policy from the deceased's creditors. The point is well-taken. In addition, plaintiff's argument regarding the year's support language is quite unconvincing. Even though the source of the

policy for year's support is a desire to provide for temporary needs of the widow, the statute provides only that application be made during life and during widowhood. Ga. Code Ann. § 113–1002. Nothing in the statutes or case law suggests that remarriage *after* application shall act to defeat the award. Indeed, the language of the statute and the case law indicate otherwise. *See United States v. First National Bank of Augusta,* 297 F.2d 312, 315 (5th Cir. 1961); *Swain v. Steward,* 98 Ga. 366, 25 S.E. 831 (1896), (right to year's support is a vested right, although under former statute right vested at husband's death; present statute requires application during widowhood).

Defendant also points out that public policy favors the institution of marriage. In addition, it is also hornbook law in Georgia that any ambiguity in a contract is construed against the party preparing it. *Nichols v. Williams Pontiac, Inc.,* 95 Ga. App. 752, 98 S.E.2d 659 (1957). An insurance policy ambiguity will be construed most favorably for the insured. *Wolverine Insurance Company v. Jack Jordan, Inc.,* 213 Ga. 229, 302, 99 S.E.2d 95 (1957). *See* Ga. Code Ann. § 20–704. However, the Court does not rely on this ground because it does not find the policy to be ambiguous.

■ Defendant has a contractual right to the proceeds of the policy. This right vested on the death of the insured. Defendant is entitled to the remaining proceeds of the policy.

Plaintiff's motion for summary judgment is denied. Defendant's motion for partial summary judgment is granted. Those payments which have been made to the registry of the court shall be paid to the defendant. The plaintiff shall pay the remaining payments to the defendant according to the terms of the policy until the proceeds of the policy are exhausted.