24607. BOYLES v. STEINE.

ARGUED MAY 13, 1968—DECIDED JUNE 20, 1968.

*Congdon & Williams, William P. Congdon, W. Barry Williams, Curtis R. Richardson,* for appellant.

*D. Field Yow, Henry J. Heffernan, Harris, Chance & McCracken, Henry T. Chance,* for appellee.

FRANKUM, Justice. This is a quo warranto proceeding in which the appellant seeks to test the eligibility of the appellee to hold the office of Member of the City Council of Augusta, Georgia. The trial court, after granting leave to file the proceeding, and after hearing arguments, granted the defendant's motion for a summary judgment based on the verified application for leave to file the information in the nature of a quo warranto, the verified information itself, the verified response, and the affidavit of the movant. The appeal is from that judgment.

The ultimate question for decision here is whether or not under the facts of this case the defendant Steine was eligible to hold office as a member of the City Council of Augusta from the Eighth Ward, to which office he had been elected by a majority of the voters voting in an election held in the City of Augusta on the 11th day of October, 1967. By an Act approved December 4, 1890 (Ga. L. 1890, p. 459), the legislature amended the charter of the City of Augusta so as to provide therein that "the Mayor and members of the City Council of Augusta, of the City of Augusta, shall not be eligible to reelection to the same office for the period of one term of their respective offices; *provided,* this shall not apply to any person holding either of said offices

for an unexpired term." In an Act approved February 8, 1955, the legislature amended the charter of the City of Augusta by adding thereto a provision as follows: "The members of the City Council of Augusta shall be eligible to succeed themselves in office; provided however, no member of the City Council of Augusta shall be eligible to succeed himself after the expiration of the second term for a period of one term of three years, unless the first term has been an unexpired term. If the first term of any member has been an unexpired term, he shall thereafter be eligible to be elected and to serve for two full terms after the expiration of the unexpired term which he has filled, but after the expiration of such two full terms, he shall not be eligible to succeed himself for a period of one term of three years." Ga. L. 1955, pp. 2120, 2122.

Under the charter of the City of Augusta, there are two council posts to be filled by representatives from the Eighth Ward, which posts we shall hereinafter, for the sake of convenience, refer to as "Post 1" and "Post 2." The terms of the respective councilmen are staggered so that both councilmen from the same ward are not elected in the same year. The appellee in this case, M. Harry Steine, served as a member of the City Council of Augusta from the Eighth Ward in Post 1 for a full term of three years from the 4th day of January, 1960. He was again sworn in as a member of the City Council of Augusta from the Eighth Ward, Post 1, for his second term on the 7th day of January, 1963, and served until the 3rd day of January, 1966. He did not offer for reelection in 1966 and another succeeded him in the office which he had held. In 1961, J. McRae Howard was elected to serve as Councilman from the Eighth Ward in Post 2. He took his seat and was again elected for a three year term in 1964. Said term commenced in January of 1965. Howard died in 1967 prior to the expiration of his second term and the appellant Boyles and the appellee Steine offered for election to fill the vacancy created by Howard's death and also for a full three-year term commencing in January 1968. Steine received the majority of the votes cast and was declared duly elected. He was sworn in and began serving as a member of the city council representing the Eighth Ward in Post 2 on January 8, 1968.

Thus three years did not elapse between the expiration of Steine's second full term as councilman from the Eighth Ward, Post 1, and his election as Councilman from the Eighth Ward, Post 2.

Did the legislature, in enacting the provisions of the 1955 Act respecting eligibility of succession to office above quoted, intend to bar one who had previously served two full successive terms as a member of the council representing his ward in one post, from becoming a candidate for, and being elected to, the office of councilman as a representative of his ward in the other post before the lapse of three years from the expiration of his second term in the first post in which he had served? It is, of course, fundamental that legislative intent is the determining factor in judicial construction of ambiguous legislative enactments. *Thompson v. Eastern Airlines*, 220 Ga. 216, 222 (39 SE2d 225); *Lamons v. Yarbrough*, 206 Ga. 50, 55 (55 SE2d 551). In arriving at this intent of the legislature, it is also fundamental that all of the words of the statute are to be given due weight and meaning (*Falligant v. Barrow*, 133 Ga. 87, 92 (65 SE 149)) and that the court is not authorized to disregard any of the words of the statute in question unless the failure to do so would lead to an absurdity manifestly not intended by the legislature. *Gillis v. Gillis*, 96 Ga. 1, 9 (23 SE 107, 30 LRA 143, 50 ASR 121). Applying the foregoing rules of statutory construction to the statute in question, it is manifest that it was the intention of the legislature, in enacting the law, to bar one who had served as a member of the City Council of Augusta for two successive three-year terms from again succeeding himself in the same identical position until after the lapse of three full years from the expiration of his second term. It is likewise manifest that the legislature did not intend to bar such person from serving in the City Council of Augusta in any other post if he were otherwise qualified. Each Council post is a separate office and when Steine succeeded Howard in Post 2, it can not be said that he was elected to succeed himself in Post 1 because his successor in Post 1 was at the time still serving in that post. Under the facts appearing in the sworn information, and in the sworn defenses filed thereto the defendant served two full terms as

Councilman in Post 1 representing the Eighth Ward. He did not offer for reelection to succeed himself in that post but that post is now occupied by his successor, Lewis A. Newman, who still holds office as a member of the Council of the City of Augusta in the post or position formerly held by the respondent. The post which the respondent holds and which is here challenged is the post held as successor to the late J. MacRae Howard, an entirely different office, and is not held by the respondent as successor to himself. To give to the statute any other construction or application, would render utterly meaningless the words not "be eligible to succeed himself." It the legislature had intended to utterly bar one who had served two full terms in the city council from again serving on the city council in any post or position it would have been a very simple matter for it to have used the language "not eligible to again serve as a member of the City Council of Augusta until the period of one term of three years shall have expired from the expiration of the second term served by such councilman," or some language of like import. But, the legislature did not use such language, and this court is not authorized to revise the statute for the legislature when it is apparent that the legislature, by not adopting some such language, intended that this would not be the result.

It follows that the trial court did not err in granting the defendant's motion for a summary judgment and in holding that the respondent legally occupies the office of councilman from the Eighth Ward.

*Judgment affirmed. All the Justices concur.*