32947. CANNON et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

HALL, Justice.

Appellants are the surviving relatives of Richard Cannon, Jr., a minor who was killed in an automobile accident while a passenger in a car driven by a named insured of appellee. The deceased was not survived by a wife, nor any children; appellants are his mother (a widow) and his two sisters. This suit involves only the right of these plaintiffs to receive benefits under the

minimum no-fault coverage required by Code Ann. § 56-3403b (b) (2, 3) (lost income, expenses incurred due to lost services), and their right to similar benefits under the optional no-fault coverage purchased by the named insured, as set out in Code Ann. § 56-3404b (a) (1) (ii, iii).[1]

Summary judgment was rendered for the insurer on the ground that only a spouse or child could recover these types of benefits because the insured had died. The court relied on the paragraph of § 56-3403b (b) which states that: "In the event of the death of the injured person, survived by a spouse or dependent child or children, compensation under paragraphs (b) (2) and (b) (3) above shall be payable after such death as though the deceased were alive but totally disabled, such payment to be made to the spouse, if alive, otherwise to the child or children or the person having legal custody of any child or children, for use of such spouse or children as though awarded as a year's support for the spouse or children, or both. Survivor's benefits shall be payable until exhausted, at least monthly." A similar paragraph is found in § 56-3404b (a) (1).

1. We first deal with the contention that the Act should be construed to provide for payments to appellants as the sole survivors of the deceased. The loss of income payments of § 56-3403b (b) (2) are expressly limited to income lost "during disability." "Disability" is a defined term, meaning "any period of time . . . during which an insured is unable to either: (1) Perform substantially all the duties required by his usual occupation; or (2) Engage in his principal activity if such person is not employed on at least a full-time basis." Code Ann. § 56-3402b (d). We interpret the phrase "during disability" to refer only to a period of time during the insured's lifetime; " disability" ceases upon death. Each of the types of payments sought in this case is limited to the period of disability, and thus ceases to accrue upon death, except as extended by the paragraphs dealing with survivor's benefits. Unless

[1] The company has not contested liability for medical and funeral expenses. The question of fault liability is not presented in this case.

appellants can claim coverage for " survivor's benefits," their claim must be limited to sums accruing prior to the death of Richard Cannon, Jr.

The provision (quoted above) for survivor's benefits extends beyond death the coverage for lost income, and expenses incurred in replacing lost services. The condition for survivor's benefits is that the decedent be "survived by a spouse or dependent child or children." We do not interpret the reference to surviving spouses or children as a mere appointment of who is entitled to benefits where there is a surviving spouse or child, as urged by appellants.

The last sentence discussing "survivor's benefits" was added to the law in 1975 (Ga. L. 1975, pp. 1202, 1204), and we find no indication that the legislature intended to expand coverage to give benefits to all survivors. Rather, we believe this section was added only to specify the frequency of payments otherwise due. Since the deceased was not survived by wife or child, benefits are not due under this paragraph, or the equivalent provisions under the optional coverage.

2. We have examined the terms of the insurance policy, and contrary to appellants argument, we find that no greater liability than that required by law was assumed by the company with respect to the types of payments in dispute in this case.

3. Appellants urge that the statutory provisions relative to survivor's benefits are in violation of the due process and equal protection guarantees of the United States and Georgia Constitutions. United States Constitution, Amendment XIV; Code § 1-101; Code Ann. § 2-203. The gist of the argument is that the statute discriminates against individuals, such as appellants, who are similarly situated to surviving spouses and children, by failing to provide equivalent survivor's benefits.

As we have interpreted the law, the provision for survivor's benefits for a surviving spouse and children is not a limitation on no-fault benefits, but rather an extension. The law creates new benefits for such individuals. Under the Federal Constitution, the underinclusive coverage of a law involving only economic

interests does not make it unconstitutional where there is no invidious discrimination, but rather only rational classification. Williamson v. Lee Optical, 348 U. S. 483, 489 (1955); Hughes v. Alexandria Scrap Corp., 426 U. S. 794, 813 (1976). Cf. *Decatur Tax Payers League v. Adams,* 236 Ga. 871, 873 (226 SE2d 69) (1976).

Under the equal protection guarantee of our State Constitution (Code Ann. § 2-203), classification in legislation is permitted when the classification is based on rational distinctions, and the basis of the classification bears a direct and real relation to the object or purpose of the legislation. *C. & S. Nat. Bank v. Mann,* 234 Ga. 884, 887 (218 SE2d 593) (1975); *Dunn v. State,* 239 Ga. 537 (238 SE2d 77) (1977); *Wilder v. State,* 232 Ga. 404, 405-408 (207 SE2d 38) (1974); *Coy v. Linder,* 183 Ga. 583 (189 SE 26) (1936).

The purposes of this no-fault statute include the elimination of wasteful litigation over moderate to small claims, and the provision of certain minimal insurance coverage for automobile accident victims. Cf. Prosser, Law of Torts, § 85, pp. 567-568 (4th Ed. 1971). One of the methods for accomplishing the goal of minimizing lawsuits is the provision of rapid payments of pecuniary losses, thus reducing the incentive to sue. In order to assure that collateral litigation over these payments would be rare, the law specifies the types of payments to be made, and to whom payments are due. This specification also serves to encourage prompt payments of pecuniary losses. These classifications bear a direct and real relation to the purposes of the law.

Moreover, the classification of types of survivors cannot be said to be irrational. The classes of surviving spouses and children are the classes most likely to suffer financially from the death. While there are others who also suffer, there is no easily definable class of individuals who will suffer pecuniary loss to the same extent. Moreover, the legislature had good reason not to provide benefits to all who are "similarly situated" to surviving spouses and children. The members of such a class could not be easily determined, and litigation over who is or is not similarly situated would be fostered. This could defeat the purposes of the Act.

Thus, in making these distinctions in the Act, the legislature chose classes of survivors which are distinguished both by the likelihood of financial loss, and by the ease of determining membership. This classification system makes rational distinctions between distinguishable classes of individuals, and bears a direct relation to the purposes of the Act. We find no violation of the federal or state constitutional guarantees of equal protection or due process on the ground alleged.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 16, 1977 — DECIDED JANUARY 5, 1978.

*J. Patrick Ward,* for appellants.
*Twitty & Twitty, Frank S. Twitty,* for appellee.