## 60126, 60127. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. PENDLEY et al.; and vice versa.

QUILLIAN, Presiding Judge.

Joel Pendley had an automobile insurance policy with Georgia Farm Bureau Mutual Insurance Company providing the ·$5000 minimum no fault personal injury protection (PIP) coverage required by Code Ann. § 56-3403b (Ga. L. 1974, pp. 113, 116; 1975, pp. 1202, 1204). He was killed in a collision of his automobile and was survived by his spouse and dependent daughter. The widow and

daughter both made claim against the insurer contending that each of them was entitled to payment of the $5000 minimum survivor's benefit, or a total of $10,000. The insurer twice attempted to pay its undisputed liability for the maximum benefit of $5000 to the widow as authorized by Code Ann. § 56-3403b, supra, but its drafts and checks were rejected by the claimants' attorney. The widow and daughter then jointly filed this suit against the insurer, each for the $5000 survivor's benefit, 25 percent statutory penalty, reasonable attorney's fees and punitive damages under Code Ann. § 56-3406b (Ga. L. 1974, pp. 113, 119; 1975, pp. 1202, 1208). After suit was filed, claimants' attorney accepted payment of the undisputed $5000 survivor's benefit on behalf of the widow. Both parties moved for summary judgment. Claimants moved only for the $5000 additional survivor's benefit for the daughter. The trial court granted partial summary judgment to the insurer denying the daughter's claim for the additional survivor's benefit. The insurer was denied judgment on the claim for penalties, attorney fees, and punitive damages. Both parties appeal. *Held:*

1. Was the trial court correct in ruling that the claimants were entitled to only one $5000 survivor's benefit?

Code Ann. § 56-3403b (b), supra, provides compensation "to insured injured persons, without regard to fault, up to an aggregate minimum limit of $5000 per insured injured person . . .

"In the event of the death of the injured person, survived by a spouse or dependent child or children, compensation . . . shall be payable after such death as though the deceased were alive but totally disabled, such payment to be made to the spouse, if alive, otherwise to the child or children . . .

"The total benefits required to be paid under this section without regard to fault as the result of any one accident shall not exceed the sum of $5000 per each individual covered as an insured person . . ."

The widow and daughter contend that since Code Ann. § 56-3402b (b) (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202, 1203), defines them as "insured" ("The term 'insured' shall include, in addition to the insured named in the policy, his spouse and children if residing in the same household . . ."), each is therefore entitled to $5000 as an "individual" covered as an "insured person" as stated in the last paragraph of Code Ann. § 56-3403b (b), supra. Other than the statutory language, nothing is cited in support of this contention.

Such a construction is not logical, reasonable or tenable. The "insured person" in the last paragraph of Code Ann. § 56-3403b (b) refers to the "insured injured person" in the opening paragraph of that subsection. The use of the alternative and the singular in stating

when and to whom survivor's benefits are to be paid clearly indicate a legislative intent that only one payment of $5000 per deceased injured person is authorized. This court has previously determined that the legislative intent was to limit recovery to $5000 per deceased person, saying: "Code Ann. § 56-3403b indicates a legislative intent to prevent 'stacking' of basic PIP coverages above the limit of $5,000. What is evinced is a clear command that a maximum of $5,000 be paid ... since only basic PIP was carried, under statutory mandate and the policy provisions, only one $5,000 recovery is permitted." *Ga. Cas. &c. Co. v. Waters,* 146 Ga. App. 149, 153, 154 (246 SE2d 202).

Additionally, in accordance with the statute, the PIP indorsement of the policy similarly provided: "Regardless of the number of persons insured ... the Company's liability for personal injury protection benefits with respect to bodily injury sustained by any one eligible insured person in any one motor vehicle accident shall not exceed Five Thousand ($5000) Dollars in the aggregate ..."

The trial court did not err in granting summary judgment to the insurers denying the additional survivor's benefit to the daughter.

2. Was the insurer entitled to summary judgment denying the claim for statutory penalties, attorney's fees, and punitive damages?

Code Ann. § 56-3406b, supra, provides: "(b) Benefits required to be paid without regard to fault shall be payable monthly as loss accrues. Such benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained ... In the event the company fails to pay each benefit when due, the person entitled to such benefits may bring an action to recover them, and the company must show that its failure or refusal to pay was in good faith, otherwise the company shall be liable for a penalty not exceeding 25 per cent of the amount due and reasonable attorney's fees.

"(c) In addition to all other penalties provided for herein in the event that an insurer fails or refuses to pay a person the benefits which such person is entitled to under this Chapter within 60 days after proper proof of loss has been filed, the person may bring an action to recover such benefits, and if the insurer fails to prove that its failure or refusal to pay such benefits was in good faith, the insurer shall be subject to punitive damages."

The record shows that within 30 days of notice of claim, the insurer forwarded a draft for $5000 to claimants' attorney for the maximum survivor's benefit, accompanied by a letter stating it was in full and final payment. The tender was rejected with the statement that it was conditional, contrary to law and unacceptable. Within 60 days of notice of claim the insurer sent checks totalling $5000 to claimants' attorney with a statement that the checks exhausted the

coverage for survivor's benefits. The tender was again rejected as conditional. After suit was filed, claimants' attorney did accept payment by check for the undisputed $5000 widow's survivor's benefit.

The insurer contends that claimants' refusal of timely tender of payment in the maximum amount authorized by law was unfounded, and that there is no evidence of bad faith or frivolous or unfounded behavior on its part.

Contrary to claimants' assertion acceptance of payment of the undisputed part of an insurance claim for a greater amount can be made without necessarily compromising the disputed portion. *Prater v. American Protection Ins. Co.,* 145 Ga. App. 853 (1) (244 SE2d 925). The issue, however, is whether the tender of the $5000 in full settlement within the statutory time limits was not in good faith thus justifying the claim for penalties, attorney's fees and punitive damages.

"[O]rdinarily, the determination of 'good or bad faith of the insurer is for the jury.' " *Miller v. Spicer,* 147 Ga. App. 759 (3) (250 SE2d 492). But "[w]hen the demand under the policy is unjust, or the amount claimed excessive, the insurer cannot be penalized for refusing to comply with such demand." 3 Appleman, Insurance Law and Practice 401, § 1621.

"Where the claimant recovers in the suit the same amount as that originally tendered, it is thereby judicially determined that the insured was not entitled to the amount claimed by him and that the insurer had not acted improperly in refusing to make a greater payment. Consequently there can be no liability for a statutory penalty where the claimant recovers from the insurer the same amount originally tendered." 16 Couch on Insurance 2d 138, § 58:246.

"The issue here is whether the question of good or bad faith should have been submitted to a jury. In construing § 56-3406b, this court has held, citing *Bituminous Cas. Corp. v. Mowery,* 145 Ga. App. 45 (2) (244 SE2d 573), that 'ordinarily, the determination of "good or bad faith of the insurer is for the jury." ' *Miller v. Spicer,* 147 Ga. App. 759 (3) (250 SE2d 492). In *Bituminous Cas. Corp.,* supra, this court held, without using the word 'ordinary,' that the issue is one for the jury. However, that statement must not be taken for a holding that there are no instances in which the issue is one of law for the court. The cases cited in *Bituminous Cas. Corp.* in support of that proposition hold, for the most part, that under the evidence in those cases, the issue was one for the jury. One of the cases cited, however, contains a holding most appropriate for this case: 'Though ordinarily these are questions for the jury, if there is no evidence of such frivolous or unfounded refusal to pay, *or if the question of liability is a*

*close one,* the court for the furtherance of justice should see to it that a verdict which illegally carries a penalty for bad faith is not allowed to stand. [Cit.]' *Pearl Assur. Co. v. Nichols,* 73 Ga. App. 452, 455 (37 SE2d 227)." *Ga. Farm &c. Ins. Co. v. Matthews,* 149 Ga. App. 350, 352 (254 SE2d 413).

In this case we view the conduct of the claimants in demanding double survivor's benefits and in refusing the insurer's apparent good faith tender of the amount which we have found was all they were entitled to in the first place, as unfounded and unjustifiable from the beginning. Such conduct has the appearance of an attempt by claimants to create by their own unsupportable actions factual circumstances whereby they could subsequently bring suit for statutory penalties, attorney's fees and punitive damages in an amount many times greater than they were entitled to under the law.

Under such circumstances we find, as a matter of law, that the insurer's actions were in good faith as there is no evidence of frivolous or unfounded conduct by the insurer in tendering no more than the $5000 maximum survivor's benefit payment authorized by law within the statutory time limits. Accordingly, the trial court erred in failing to grant summary judgment to the insurer denying the claim for statutory penalties, attorney fees and punitive damages.

*Judgment affirmed in 60127 and reversed in 60126. Shulman and Carley, JJ., concur.*

ARGUED JUNE 17, 1980 — DECIDED SEPTEMBER 10, 1980.

*Michael S. Reeves,* for appellant.
*Thomas Henry Nickerson,* for appellees.