64658. NATIONWIDE MUTUAL INSURANCE COMPANY v. GAY.

SHULMAN, Chief Judge.

Appellant raises a single question of law in this appeal: Is the personal representative of the estate of one spouse, who survived by one and one-half hours the automobile-related death of the other spouse, entitled to recover full survivor's benefits under an automobile insurance policy providing $5,000 basic coverage and $45,000 optional coverage pursuant to the no-fault provisions of the Georgia Motor Vehicle Accident Reparations Act (Code Ann. Ch. 56-34B, Ga. L. 1974, p. 113 et seq.) (OCGA § 33-34-1 et seq.)? This appears to be a question of first impression. The trial court held in this declaratory judgment action that the personal representative/appellee may recover survivor's benefits and, accordingly, denied the appellant's motion for judgment on the

pleadings and granted appellee's motion for summary judgment on this issue. Appellant enumerates as error the rulings on these motions and the court's legal determination that appellee could recover survivor's benefits.

The facts of this case relevant to the sole issue presented on appeal are undisputed. Appellee's decedent, Carl Beebe, and his wife expired on August 22, 1980, as a result of injuries sustained in an automobile accident. Both were insured by appellant pursuant to a policy providing the maximum $50,000 personal injury protection ("PIP") benefits under the Georgia No-Fault Act. Appellee's decedent survived his spouse approximately one and one-half hours. They had no surviving children. The personal representative made timely application to appellant for PIP benefits, including survivor's benefits up to the $50,000 policy limits. Appellant denied liability for the survivor's benefits and filed this action seeking a judgment declaring its liability or non-liability on appellant's claim for such benefits. Appellee answered and counterclaimed for an award of the unpaid benefits allegedly due.

1. Appellee initially attacks this appeal on the ground that it cannot be considered by this court due to the lack of a transcript of either hearing held by the trial court. This contention is wholly without merit, since the appeal presents a pure legal question properly framed by the pleadings and other matters contained in the record.

2. Appellee claims entitlement to survivor's benefits, pursuant to Code Ann. §§ 56-3403b (b) (OCGA § 33-34-4) and 56-3404b (a)(2) (OCGA § 33-34-5), for disability benefits and expenses that would have been paid to Mrs. Beebe, pursuant to Code Ann. § 56-3403b (a)(2)(B) and (a)(2)(C), if she had survived. Appellant has refused to pay these benefits on the ground that no-fault survivor's benefits are payable only to Mr. Beebe and are not payable to his estate subsequent to his death. Appellee does not argue that the personal representative of Mr. Beebe's estate is among the class of persons who may receive no-fault survivor's benefits. See *Cannon v. Ga. Farm &c. Ins. Co.,* 240 Ga. 479 (241 SE2d 238). Rather, appellee's claim is premised on the argument that Mr. Beebe was a surviving spouse within the contemplation of Code Ann. §§ 56-3403b (b) and 56-3404b (a)(2) and that his rights to full no-fault survivor's benefits vested upon his wife's demise, thus permitting the personal representative of his estate to recover all benefits to which Mr. Beebe would have been entitled.

Code Ann. § 56-3403b (b), which pertains to minimum no-fault coverage, provides: "In the event of the death of the injured person who is survived by a spouse or dependent child or children,

compensation under subparagraphs (a)(2)(B) and (a)(2)(C) of this Code section shall be payable after the death as though the deceased were alive but totally disabled, the payment to be made to the spouse, if alive, and otherwise to the child or children or the person having legal custody of any child or children for the use of the spouse or children as though awarded as a year's support for the spouse or children, or both. Survivor's benefits shall be payable at least monthly until exhausted." Subsections (a)(2)(B) and (a)(2)(C) of this statute provide, respectively, for loss of earnings during disability and expenses for services from others normally performed by the insured. These are the only benefits that may survive the death of the insured. *State Farm &c. Ins. Co. v. Five Transp. Co.,* 246 Ga. 447, 448 (fn. 5) (271 SE2d 844). Code Ann. § 56-3404b (a)(2), which pertains to optional no-fault coverage, contains language identical in substance to that of § 56-3403b (b). Code Ann. § 56-3404b (a) provides that payment of all no-fault benefits "must be made periodically on a monthly basis as expenses are incurred or, in the case of total disability, as disability continues."

An analysis of the applicable provisions of the No-Fault Act fails to support appellee's claim. It is clear that the class of persons who may receive no-fault survivor's benefits is limited to spouses and children. *Cannon v. Ga. Farm &c. Ins. Co.,* supra. It is also clear that the legislature, in its effort to provide "certain minimal insurance coverage for automobile accident victims" (Id., p. 482), determined that certain benefits should survive to assure certain minimal financial protection, "as though awarded as a year's support" (Code Ann. §§ 56-3403b (b) and 56-3404b (a)(2)), for those "most likely to suffer financially from the death [of the insured]." *Cannon,* supra, p. 482. The statutes specifically state that payments are "to be made to the spouse, *if alive,* otherwise to the child or children . . . *for use of such spouse or children . . .*" (Emphasis supplied.) Code Ann. §§ 56-3403b (b) and 56-3404b (a)(2). The No-Fault Act, in addition to providing a certain and severely proscribed class of beneficiaries for survivor's benefits, does not provide that a surviving spouse's rights shall survive his or her own death. Nor does the Act state that the surviving spouse has a vested right to the limits of coverage under the policy immediately upon the death of the insured; on the contrary, the spouse is to receive periodic payments only if he or she is alive. Further, the Act contains no provision for lump sum payment.

Appellee places heavy reliance on the reference to "year's support" in Code Ann. §§ 56-3403b (b) and 56-3404b (a)(2). Appellee argues that since a spouse's right to year's support survives her death (*Smith v. Sanders,* 208 Ga. 405 (67 SE2d 229)), the legislature intended no-fault survivor's benefits to survive the surviving spouse

or child. However, we do not interpret the reference to "year's support" in the No-fault Act as meaning that survivor's benefits are to be treated as a year's support award for all purposes. If this were the case, appellee's claim would be barred by the fact that Mr. Beebe made no claim for benefits prior to his death. See Code Ann. § 113-1002. Unlike year's support, there is no provision for lump sum payment of no-fault survivor's benefits. We conclude that the reference to "year's support" in Code Ann. §§ 56-3403b (b) and 56-3404b (a)(2) was intended by the legislature to illustrate further the nature and purpose of no-fault survivor's benefits: to provide certain minimum financial protection for those "most likely to suffer financially from the death [of the insured]." *Cannon,* supra, p. 482. Since survival of these benefits beyond the death of the spouse and children does not relate rationally to this purpose, it is not surprising that the No-Fault Act fails to so provide.

Acceptance of appellee's position potentially could result in one situation that clearly contravenes the purpose of no-fault survivor's benefits. If the surviving spouse's right to the full amount of the benefits vested immediately upon the death of his spouse, those benefits would accrue to the benefit of his estate irrespective of whether a surviving child was present. Such a result could not have been intended in view of the statutes' specific provision that survivor's benefits are payable to the spouse only "if alive." Upon the death of the surviving spouse, the right to receive the benefits passes to any surviving children. No provision is made for the passage of the right to any other person or entity. *Cannon,* supra.

"It is, of course, fundamental that legislative intent is the determining factor in judicial construction of ambiguous legislative enactments. [Cits.] In arriving at this intent of the legislature, it is also fundamental that all of the words of the statute are to be given due weight and meaning [cit.] and that the court is not authorized to disregard any of the words of the statute in question unless the failure to do so would lead to an absurdity manifestly not intended by the legislature. [Cit.]" *Boyles v. Steine,* 224 Ga. 392, 395 (162 SE2d 324). "It is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part. It is not presumed that the legislature intended that any part would be without meaning." *Houston v. Lowes of Savannah,* 235 Ga. 201, 203 (219 SE2d 115). Applying these rules of construction to the statutes in question, we conclude that the No-Fault Act contemplates that only the surviving spouse and children receive no-fault survivor's benefits and that the right to these benefits does not pass to the estate of a surviving spouse. Accordingly, the trial court erred in denying appellant's motion for

judgment on the pleadings and in granting appellee's motion for summary judgment on the issue of appellee's entitlement to survivor's benefits.

*Judgment reversed. Quillian, P. J., concurs. Carley, J., concurs specially.*

DECIDED JANUARY 14, 1983 —
REHEARING DENIED FEBRUARY 2, 1983 — 

*J. Douglas Stewart, Frank W. Armstrong,* for appellant.
*William O. Carter,* for appellee.

CARLEY, Judge, concurring specially.

After considering carefully the overall statutory scheme of Code Ann. §§ 56-3403b (b) and 56-3404b (a)(2) and in view of the analysis of the purpose of these provisions as set forth in *Cannon v. Ga. Farm &c. Ins. Co.,* 240 Ga. 479 (241 SE2d 238) (1978), I am constrained to agree with the majority's resolution of the issue presented in this case and with the majority's construction of the applicable — but less than explicit — statutory language relevant to this appeal. As our Supreme Court has "interpreted the law, the provision for survivor's benefits for a surviving spouse and children is not a limitation on no-fault benefits, but rather an extension. *The law creates new benefits for such individuals.*" (Emphasis supplied.) *Cannon,* supra, 481. Thus, it appears that the legislature has not enacted a true "survival statute" whereby a claim assertable by one person survives the death of that person for the benefit of others who stand in the shoes of the deceased. Rather, the law under consideration has created a new and separate right belonging solely to and assertable only by the spouse or dependent children of a deceased injured person. If, upon the death of the injured person, there are no persons who qualify as beneficiaries designated by the statute, no claim for "survival benefits" ever arises. *Cannon,* supra, 481. If, however — as in the instant case — there is a claim assertable by a surviving spouse at the time of the death of the injured person, that claim ceases to exist upon the death of that spouse if there are no other living persons to whom the legislature has granted this additional right to benefits. There being no dependent children surviving Mrs. Beebe, all claims for "survival benefits" died with Mr. Beebe.

ON MOTION FOR REHEARING.

Appellee correctly notes in her motion for rehearing that appellant attacked on appeal only those portions of the trial court's

judgment awarding survivor's benefits. The reversal, therefore, extends only to that portion of the trial court's judgment awarding survivor's benefits. Although we believe this should be clear from the opinion, we want to eliminate any potential confusion on the part of the trial court and the parties. The remaining aspects of appellee's motion for rehearing are without merit and the motion, accordingly, is denied.

*Rehearing denied.*