71021. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. ADAMS.
(337 SE2d 408)

BIRDSONG, Presiding Judge.

The Georgia Farm Bureau Mutual Insurance Company appeals from a denial of its motion for summary judgment and the grant of partial summary judgment to the appellee-plaintiff, Lula Mae Castleberry Adams. Mrs. Adams' former husband, William T. Castleberry, was insured by Georgia Farm for the first time on August 9, 1977. The policy included coverage for minimum personal injury protection (PIP) in the amount of $5,000. Thereafter, Castleberry's insurance policy was renewed every six months, and while the policy was in force, on February 22, 1979, Castleberry was killed in an automobile collision. The Castleberrys had no children. Georgia Farm paid $5,000 PIP to the widow.

On October 22, 1980, this court issued *Jones v. State Farm Mut. Auto Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623). On August 16, 1981, Mrs. Castleberry married Mr. Adams. On February 12, 1982, an attorney forwarded a letter to Georgia Farm advising he represented William T. Castleberry's estate and requested the amount of premium due for increased PIP coverage to $50,000. This claim was rejected by the insurer and the present action was filed. Plaintiff moved for partial summary judgment on all issues except punitive damages. Defendant moved for total summary judgment. While these motions were pending, the court was advised that a similar issue was before the Court of Appeals in *Tolison v. Ga. Farm Bureau Mut. Ins. Co.,* 168 Ga. App. 187 (308 SE2d 386). On September 7, 1983, we held that Georgia Farm's application did not comport with the statute, but a conflict of fact existed in the testimony of the insurer's agent and the insured as to whether he had been advised of the availability of optional PIP. On appeal, the Supreme Court agreed that the policy application did not conform to the statute, but reversed that portion of

our opinion dealing with a conflict in the evidence, holding, when there is such a conflict, resolution is made by reference to the policy to find if there was a reduction or rejection of those benefits. *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, 253 Ga. 97, 100 (317 SE2d 185).

The Supreme Court decided *Tolison* on June 12, 1984. Rehearing was denied on June 29, 1984. It was stipulated by the parties that Georgia Farm had tendered to the plaintiff, on July 12, 1984, a check in the amount of $21,352.35, representing survivor's benefits due from February 22, 1979 (the date of the auto accident), through and including August 16, 1981 (the date of plaintiff's marriage to Adams), which included medical and funeral expenses of the decedent, but did not include $5,725.38 previously paid to the plaintiff.

Plaintiff contends she is entitled to all proceeds representing optional PIP, and defendant argues the widow's remarriage terminated her entitlement to survivor's benefit payments. The trial court reserved for trial plaintiff's claim for penalties, attorney fees, and punitive damages, but otherwise granted plaintiff's motion for partial summary judgment and denied defendant's motion for summary judgment. Defendant brings this appeal. *Held*:

1. Our principal issue is whether remarriage of a widow terminates her entitlement to survivor's benefit payments of optional PIP. The Code provides that "[i]n the event of the death of the injured person who is survived by a spouse or dependent child or children, compensation under subparagraphs (a) (2) (B) [loss of income], and (a) (2) (C) [disability benefits] of Code Section 33-34-4 [minimum PIP] shall be payable after the death as though the deceased were alive but totally disabled, the payment to be made to the spouse, if alive, and otherwise to the child or children . . . as though awarded as a year's support for the spouse or children, or both. Survivor's benefits shall be payable at least monthly until exhausted." OCGA § 33-34-5 (a) (2). A similar section is contained in OCGA § 33-34-4, which relates to minimum PIP.

This court faced a similar issue in *Nationwide Mut. Ins. Co. v. Gay*, 165 Ga. App. 293 (299 SE2d 611), in which we had to determine whether the representative of the estate of one spouse, who survived by one and one-half hours the automobile-related death of the other spouse, was entitled to recover full survivor's benefits under minimum and optional PIP. There the plaintiff claimed that the surviving spouse's entitlement to full no-fault survivor's benefits vested upon his spouse's demise, which would permit his representative to recover all benefits to which the surviving spouse would be entitled. We did not accept this theory but found the clear intent of the Act was that "survivor's benefits is limited to *spouses* and children." (Emphasis supplied.) Id. p. 295. The purpose of such benefits was "to assure certain minimal financial protection, 'as though awarded as a year's sup-

port' (Code Ann. §§ 56-3403b (b) and 56-3404b (a) (2) [now OCGA §§ 33-34-4 and 33-34-5]), for those 'most likely to suffer financially from the death (of the insured)." Id. p. 295. We also found that the Act does not state "that the surviving spouse has a vested right to the limits of coverage under the policy immediately upon the death of the insured; on the contrary, *the spouse is to receive periodic payments only if he or she is alive.*" (Emphasis supplied.) Id. p. 295. We reasoned that the inclusion of the reference to "year's support" "was intended by the legislature to illustrate further the nature and purpose of no-fault survivor's benefits; to provide certain minimum financial protection for those 'most likely to suffer financially from the death [of the insured]'. . . . Since survival of these benefits beyond the death of the spouse and children does not relate rationally to this purpose, it is not surprising that the No-Fault Act fails to so provide." Id. p. 296. On appeal, the Supreme Court affirmed "[f]or the reasons given in the Court of Appeals' opinion. . . ." *Gay v. Nationwide Mut. Ins. Co.*, 251 Ga. 104 (303 SE2d 117).

The same reasoning that was applicable to a representative of an estate of a deceased spouse would apply to the remarriage of a surviving spouse of a deceased insured. One purpose of the Act was "to assure certain minimal financial protection, as 'though awarded as a year's support' . . . for those 'most likely to suffer financially from the death.'" *Gay*, supra, p. 295. Another purpose was for survivors' benefits to be paid to a "spouse" as "though the deceased were alive but totally disabled. . . ." OCGA § 33-34-5 (a) (2). Hence, Mrs. Adams was no longer a "spouse" for her remarriage terminated any obligation the deceased spouse would have had for her support, and she was no longer a member of that class the deceased spouse was required "to assure certain minimal financial protection," nor was she one of that class "most likely to suffer financially from" the death of the insured because she was married to another and survivors' benefits were only to be dispensed "as though the deceased were alive but totally disabled. . . ." OCGA § 33-34-5 (a) (2); *Gay*, supra, p. 295. Accordingly, we find that the remarriage of a surviving spouse terminates that individual's right to survivors' benefits under OCGA § 33-34-5. See *Cannon v. Ga. Farm Bureau Mut. Ins. Co.*, 240 Ga. 479, 482 (241 SE2d 238). The trial court erred in denying summary judgment to the defendant.

2. Our holding above moots the remaining enumerations of error. *Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 28, 1985 —
REHEARING DENIED NOVEMBER 7, 1985 —

*Mark A. Gonnerman*, for appellant.

*James M. Collier, Robert B. Phillips,* for appellee.