A90A0813. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. DAY.
(394 SE2d 913)

BIRDSONG, Judge.

State Farm Mutual Automobile Insurance Company appeals the grant of summary judgment to the plaintiff, who is next friend (and mother) of the deceased insured's son, Jason Day. The summary judgment ordered State Farm to pay Jason Day one-half of the $25,000 no-fault insured survivor's benefits.

Jason Day, by his next friend and mother (former spouse of deceased) filed a timely claim to share survivor's benefits pursuant to OCGA § 33-34-5 (a) (2), but State Farm paid the entire benefit proceeds to the deceased insured's present spouse, Elizabeth Day, pursuant to its own interpretation of OCGA § 33-34-5 (a) (2), in reliance upon *Georgia Farm Bureau &c. Ins. Co. v. Pendley*, 155 Ga. App. 674 (272 SE2d 540). *Held*:

We affirm the trial court's grant of summary judgment to plaintiff, Jason Day.

OCGA § 33-34-5 (a) (2) provides: "In the event of the death of the injured person who is survived by *a spouse or dependent child or children* . . . the payment [of compensation is] to be made to the

*spouse, if alive, and otherwise to the child or children . . .* for use of the *spouse or children* as though awarded as a year's support for the spouse or children, *or both.*" (Emphasis supplied.)

State Farm contends the current spouse is entitled to the entire benefit if she is alive, *otherwise* (and *only otherwise*) the dependent child is entitled to benefits; that is, benefits are payable to the "spouse *or* children," but *not "both."* This interpretation ignores the critical word, "both," in the statute, and ignores the language that payment is to be made "as though awarded as a year's support for the spouse or children, or both."

In all statutory interpretations, especially those of unclear statutes such as OCGA § 33-34-5 (a) (2), "the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy. . . ." OCGA § 1-3-1 (a). "It is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part." *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115).

" '[L]egislative intent is the determining factor in judicial construction of ambiguous legislative enactments. [Cits.] In arriving at this intent . . . it is . . . fundamental that all of the words of the statute are to be given due weight and meaning [cit.] and ·that *the court is not authorized to disregard any of the words of the statute in question unless the failure to do so would lead to an absurdity manifestly not intended by the legislature.*' " (Emphasis supplied.) *Boyles v. Steine*, 224 Ga. 392, 395 (162 SE2d 324), cited in *Nationwide Mut. Ins. Co. v. Gay*, 165 Ga. App. 293, 296 (299 SE2d 611).

"Reading [OCGA § 33-34-5] as a whole we are . . . compelled to conclude that the General Assembly intended to draft it for the benefit of survivors. . . ." *Vansant v. Allstate Ins. Co.*, 142 Ga. App. 684, 687 (236 SE2d 858). The classification of survivors and specifications of payment "cannot be said to be irrational. The classes of surviving spouses and children are the classes most likely to suffer financially from the death." *Cannon v. Ga. Farm &c. Ins. Co.*, 240 Ga. 479, 482 (241 SE2d 238). "This classification system makes rational distinctions . . . and bears a direct relation to the purposes of the Act." Id. p. 483. OCGA § 33-34-5 is a "provision for survivor's benefits *for a surviving spouse and children*," as an extension of no-fault benefits to these classes of persons. (Emphasis supplied.) Id. at 481.

The alternative language in this statute ("spouse *or* children") must be harmonized with the concomitant use of the word *"both."* Clearly, the legislature intended to provide benefits to dependent children, as a specified class "most likely to suffer financially from the death [of the insured]." *Cannon*, supra at 482; *International Indem. Co. v. Collins*, 258 Ga. 236, 237 (367 SE2d 786); *Nationwide Mut. Ins.*

*Co. v. Gay*, 165 Ga. App. 293, 296 (299 SE2d 611).

It is manifestly absurd to conclude that, although the Act intends to provide financial protection for those "most likely to suffer financially from the death [of the insured]" (id. at 482; *Cannon*, supra), dependent children whom the insured is required by law to support (see *International Indem. Co. v. Collins*, supra), get nothing from the insurer if there is a surviving spouse who is not the child's parent. There is no harmony in such an interpretation and no logic, since the statute has specified dependent children as among those "most likely to suffer financially from the death." *Cannon*, supra. Therefore, if it is deemed that the confusing language in the statute can be reconciled only if one part is disregarded, we must give less weight to the alternative language ("spouse, if alive, otherwise to the child or children . . . for use of such spouse or children"). To the extent that language would exclude any benefit to a dependent child in favor of a spouse, it violates the act's intention to provide benefits to those "most likely to suffer by the death" (*Cannon*, supra), and is manifestly absurd and illogical. *Boyles v. Steine*, supra; *Nationwide Mut. Ins. Co. v. Gay*, supra.

The statute is in fact clear on this point. Although it first provides that "the payment [is] to be made to the spouse, if alive, and otherwise to the child or children," it then carefully explains that "[the payment is] . . . for [the] use of the spouse or children *as though awarded as a year's support for the spouse or children, or both.*" (Emphasis supplied.) OCGA § 33-34-5 (a) (2) (as amended). This language ("as though awarded as a year's support") is unusual and significantly controlling, or else would not have been so specifically included. See OCGA § 1-3-1 (a).

The law on year's support, at OCGA § 53-5-2 (b) and (c), as amended, provides: "Upon the death of any person . . . proceedings shall be held to set apart and assign *to the spouse and [minor] children, or children only,* [or any other person in their behalf] . . . a sufficiency from the estate for their support and maintenance. . . . (c) The amount to be set apart . . . shall be an amount sufficient to maintain the standard of living that the *surviving spouse and each minor child* had prior to the death [taking into account the support available]. . . ." (Emphasis supplied.) See also § 53-5-4.

The law on year's support further expressly provides: "*Setting apart of property to minor children of different spouses*: If the decedent leaves minor children by different spouses, the judge of the probate court shall specify the portion going to the children of the former spouse or spouses, which portion shall vest in the children." OCGA § 53-5-9, as amended. This language, with § 53-5-2 (b) and (c), supra, is conclusive as to the fact that the dependent child of a different (former) spouse has a distinct right to share with the current spouse in

year's support; and, it is conclusive that the share *vests in the child*, thereby prescribing the method of payment which *the insurance statute* (§ 33-34-5 (a) (2)), by incorporation of that language, decrees.

Interpretation of this statute with reference to the law on year's support is not only mandated by the statute itself, but also leads to an entirely rational result, instead of the *"irrational"* (*Cannon*, supra at 482) result of excluding a dependent child from death benefits or forcing such child to compel payment of his or her share from the surviving spouse.

The problem of the statute is that it first seems to assume the "spouse" will be the parent of the dependent child and would naturally share the benefits with the child. *Georgia Farm Bureau &c. Ins. Co. v. Pendley*, supra, relied upon by State Farm, echoes this assumption. In *Pendley*, the spouse was the mother of the dependent child, and both of them contended that *each* was entitled to receive the full benefit under the policy, i.e., amounting to a double payment of benefit. No question was raised in that case of the dependent child claiming a right to a *share* of the benefits with a spouse who is not the parent of the dependent child. Thus, the description of *Pendley* given in Jenkins & Darroch, Georgia Auto Ins. Law, § 24-4, is overly broad where it states that if there are both dependent children and a surviving spouse, "payment goes only to the surviving spouse, not both," for the *Pendley* case actually held that spouse and child do not get double payments, and involved a spouse who was mother of, and presumably guardian of, the dependent child, so that the award of benefits to that spouse did not presume to exclude her child from sharing in the benefit.

We find no harmonious interpretation of this statute except that *"both"* spouse and dependent child are to receive the insured's benefit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

### On Motion for Rehearing.

On motion for rehearing, State Farm protests that it never meant to contend dependent children could not share in survivors' benefits, under OCGA § 33-34-5 (a) (2), but only meant to establish that the insurer does not have to pay anyone but the surviving spouse or apportion payments to surviving spouse and dependent children. Rather, State Farm says the meaning of the statute only requires it to pay the spouse, and the children's right to recover is a right against the spouse.

We clearly held, as § 33-34-5 (a) (2) provides, that the payments are to be made "as though awarded as a year's support for the spouse or children, or both." According to the year's support statutory provi-

sions, payment *"shall vest in the child"* and the issuer pays directly to the child. OCGA § 53-5-9, as amended, 1986. This scheme clearly avoids unnecessary litigation, consistent with the goal of the survivor's benefit law (see *Cannon v. Ga. Farm &c. Ins. Co.*, 240 Ga. 479 (241 SE2d 238)), and prevents the child from having to use up its benefits in a superfluous suit against the spouse.

State Farm contends this year's support section, § 53-5-9, added by 1986 amendment, cannot apply to the 1974 insurance statute. But we are bound to conclude the legislature was clearly aware of the insurance act which incorporated the year's support law, and could as easily have amended the insurance statute (§ 33-34-5) if it had not intended it to incorporate the 1986 year's support amendment.

At least State Farm has now plainly recognized the child's *right to share* in survivor's benefit. As for State Farm's complaining about its duty to pay the child directly, the insurance statute clearly specifies the method of payment to be that prescribed in the year's support law, § 53-5-9.

*Motion for rehearing denied.*

DECIDED MAY 8, 1990 —
REHEARING DENIED JUNE 4, 1990 — 

*Young, Young & Clyatt, F. Thomas Young, William A. Turner, Jr.*, for appellant.

*Walters, Davis, Smith, Meeks & Pittman, J. Harvey Davis, Ellis & Hobby, Rick F. Ellis, Jr., O. Wayne Ellerbee*, for appellee.