A90A0197. MORTGAGE COUNSELING SERVICES, INC. v. HOUSING AUTHORITY OF DeKALB COUNTY.
(395 SE2d 306)

POPE, Judge.

In May 1989, defendant Housing Authority of the County of DeKalb, Georgia, adopted a bond resolution to issue the sale of bonds to fund a program offering monies to mortgage lenders who would, in turn, offer low interest mortgages to low and moderate income families purchasing homes in DeKalb County. The Authority issued a revised invitation to participate which specified that participating lenders must be approved by the Federal Housing Authority as a direct endorser, meaning a lender whose loans are automatically endorsed by the FHA and the Department of Housing & Urban Development for mortgage insurance upon the receipt by HUD of certain application forms. Eighteen lenders submitted applications to participate in the program requesting allocations substantially in excess of the funds available. The Authority approved the applications of twelve lenders and denied the applications of six, including plaintiff Mortgage Counseling Services, Inc. One of the reasons plaintiff's application was denied was that plaintiff was not approved as a direct endorser by the FHA.

Plaintiff brought suit against the Authority for an amount equal to the lost revenues it claims it would have earned if plaintiff had been approved to participate in the program. Following a bench trial, the trial court made findings of fact and conclusions of law and entered judgment in favor of the Authority. Plaintiff appeals.

1. Plaintiff urges that the requirement that a lender be qualified as a direct endorser in order to participate in the Authority's program is unreasonable, arbitrary and capricious and therefore constitutionally defective. We disagree.

The housing authority of any Georgia county or municipality is authorized by statute to loan money to private mortgage lenders so those lenders may offer mortgage loans to finance housing. OCGA § 8-3-35 (b) (3). The statutory definition of "mortgage lenders" does not require the lender to be approved as a direct endorser of the FHA. OCGA § 8-3-3.1 (4). However, the applicable Code sections do not prohibit a housing authority from restricting the class of lenders to which it loans money. In fact, the authorities are granted broad discretion and powers to act in such a way "as will tend to make the bonds more marketable, notwithstanding that such . . . acts . . . may not be enumerated in this Code section." OCGA § 8-3-77 (10). The record shows a direct endorser is required by federal regulations to have, in addition to other criteria, a net worth of at least $250,000. HUD automatically endorses the loans of a direct endorser which are submitted in accordance with the prescribed application process. The record shows plaintiff is eligible to originate loans as a correspondent of the FHA but must submit loans for approval on a case-by-case basis. The director of defendant Authority testified that the decision to require participants to be authorized as direct endorsers was based, in part, on past experience. In an earlier program a lender, which was a correspondent but not a direct endorser, was unable to obtain FHA insurance on loans and the county lost funds on two loans issued by that lender. Thus, the decision to require direct endorser status as a criterion for participation in the program was rationally related to concerns for the financial integrity of the program and the bond issue. Consequently, we conclude that the requirement was authorized by OCGA § 8-3-77 (10) which grants the Authority broad discretion to make the bonds issued by it marketable and secure.

"[C]lassification in legislation is permitted when the classification is based on rational distinctions, and the basis of the classification bears a direct and real relation to the object or purposes of the legislation." *Cannon v. Ga. Farm &c. Ins. Co.*, 240 Ga. 479, 482 (241 SE2d 238) (1978). The classification here was not constitutionally defective.

2. Plaintiff abandoned its second enumeration of error by failing to support it by citation of authority or argument. See Rule 15 (c) (2) of the Rules of the Court of Appeals of Georgia. Moreover, we find no

merit in plaintiff's enumeration that the invitation for applications issued by the Authority conferred any contractual right to plaintiff for allocation of bond funds.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 5, 1990.

*Alfred L. King, Jr.*, for appellant.
*Chesnut & Livingston, J. David Chesnut, Tom Pye*, for appellee.